## Citizen's Saving & Loan Association *v.* Heiser et ux., Appellants.

*Opening judgments—Wife's mortgage to secure husband's debt—Separate acknowledgment—Conclusiveness of certificate—Service of writ—Return.*

The refusal of the court to open a judgment on a sci. fa. sur mortgage for the penal sum, given by a married woman since the Act of June 3, 1887, P. L. 333, to secure a debt of her husband in a building association, will not be reversed on appeal, where application to open the judgment is asked upon the following grounds :

1. Because the mortgage was void under the Act of 1887.

2. Because there was no service of the writ—return showing service.

3. Because there was no separate acknowledgment—the certificate being contradicted by the evidence of the husband and wife alone.

Argued May 23, 1892. Appeal, No. 200, July T., 1891, by defendants, David Heiser and wife, from decree of C. P. Northumberland Co., May T., 1890, No. 180, discharging rule to open judgment. Before PAXSON, C. J., STERRETT, GREEN, McCOLLUM and MITCHELL, JJ.

Rule to open judgment on sci. fa. sur mortgage given by wife to secure debt of husband.

Petition for rule to open judgment averred (1) no service of writ on wife, (2) entry of judgment for penal sum, (3) mortgage was security for debt of another, contrary to married woman's Act of 1887, (4) judgment included premiums to building association and (5) coverture.

The court discharged the rule, except as to certain alleged payments, as to which the defendants were let into defence, in the following opinion, by ROCKEFELLER, P. J. :

" There is no motion, and the court is not asked in the defendant's petition to strike off the judgment, hence no question arises as to the legality of the service of the writ of scire facias upon the mortgagees, even if the sheriff's return was not conclusive and could be contradicted. The evidence in regard to the service of the writ, however, would be taken into consideration by the court, on a question of discretion in regard to opening the judgment, if the defendant's evidence showed that they had a just defence. The petition and evidence shows that David Heiser, the husband of Catharine M. Heiser, was

the owner of stock, or, in other words, was a stockholder in the association, plaintiff, to the amount of $4,200, and that he bought out, or obtained, a loan in the regular way that business is transacted in such associations, paying a premium therefor. A mortgage, the one in suit in this case, was executed by Mr. Heiser and his wife upon her separate real estate to secure this loan with interest, premium and fines. It is contended that if the plaintiff can recover at all, it can only recover the amount actually loaned, with legal interest, as Mrs. Heiser was a married woman at the time she executed the mortgage upon her separate estate, in accordance with the decision of the Supreme Court in the case of Wolbach et ux. v. Lehigh Building Association, 84 Pa. 211. But the case of Juniata Building and Loan Association v. Mixell et ux., same book, page 313, rules the present case. In that case it was decided that 'where a married woman unites with her husband in executing a mortgage on her separate property to secure a loan to her husband which he, as a stockholder, procured from a building and loan association, it is a valid mortgage on her separate property, and under the Act of 1859 covers the premiums due by him as such stockholder, and the fines incurred by reason of his default in the payment of dues.' That decision is binding upon this court, and so far as this branch of the case is concerned, it must be decided against the defendants. . . .

" This judgment was taken in accordance with the practice and the law, to take judgment for the amount of the penalty in the bond recited in the mortgage, but of course no more can be collected than the real debt or sum for which it was given to secure, and it is usual and right in issuing executions to direct how much money the sheriff is to collect. As that was not done in this case, a question of costs may arise, but with that we have nothing to do at present, as another writ must issue in order to collect the real debt due.

" I am clearly of opinion that the said Act of June 3, 1887, P. L. 333, does not apply to the case of a mortgage given by a married woman to secure a debt of her husband. It has been recently so decided by other judges and I have no doubt about it. . . ."

Another petition was afterwards filed asking for a similar rule, on the ground, *inter alia*, that there was no separate ac-

knowledgment taken. Defendants so testified but the justice denied it and his certificate was in proper form.

The court discharged the rule on the ground that, in the absence of fraud or misrepresentation, the certificate was conclusive, citing Oppenheimer v. Wright, 106 Pa. 569, and Cressona etc. Asso. v. Sowers, 134 Pa. 354.

*Errors assigned* were (1, 2) not making rules absolute for reasons in petitions, quoting them respectively.

*S. B. Boyer*, for appellant.

*A. G. & W. A. Marr*, for appellee, not heard.

PER CURIAM, July 13, 1892.—Judgment affirmed.

## Bachman v. Gross, Appellant.

*Ejectment—Divided verdict—Disclaimer—Costs.*

In an action of ejectment for land in the possession of the defendant, where the jury find a verdict for the plaintiff for a part and for the defendant for a part, and no disclaimer was filed by defendant, plaintiff is entitled to full costs.

*Frivolous appeal—Penalty—Act of May 25, 1874.*

An appeal in such case is of such a trifling nature that the penalty of $20 counsel's fee will be imposed under the Act of May 25, 1874, P. L. 227.

Argued May 23, 1892. Appeal, No. 159, July T., 1891, by defendant, Amelia Gross et al., from judgment of C. P. Northumberland Co., Sept. T., 1888, No. 111, on verdict for plaintiff, W. D. Bachman et ux. Before PAXSON, C. J., STERRETT, GREEN, McCOLLUM and MITCHELL, JJ.

Ejectment for land in defendant's possession. Verdict for plaintiff for part and for defendant as to rest. No disclaimer having been filed, judgment was entered for plaintiff for full costs.

*Error assigned* was such entry of judgment.

*S. B. Boyer*, for appellant, cited Lane v. Harold, 66 Pa. 319.

*Geo. B. Reimensnyder*, for appellee.

PER CURIAM, July 13, 1892.

This was an ejectment in the court below. The only specification of error is that the court imposed full costs, the de-