# James B. Carr, Appellant, *v.* H. C. Frick Coke Company.

[Marked to be reported.]

*Evidence—Deed—Articles of agreement—Married women.*

An article of agreement for the sale of land executed by a man and wife, is admissible as one link in a chain of facts to show that the deed following the agreement and purporting to have been made by husband and wife was actually executed by the wife, although the record of the deed failed to show her signature.

In such a case bonds given by the purchaser to the husband and wife to secure the deferred payment of the purchase money, and assignments of such bonds by the wife, are competent and highly persuasive evidence that the wife signed the deed.

The record of the deed showing the certificate of the justice of the peace that the wife separately acknowledged the deed is admissible as tending to show that the omission of the wife's name on the record as one of the grantors was due solely to the mistake of the recorder or his clerks.

Under the act of February 24, 1770, 1 Sm. L. 307, the certificate of acknowledgment of a deed by a married women is conclusive, except in case of fraud or duress.

Argued May 16, 1895. Appeal, No. 39, July T., 1895, by plaintiff, from judgment of C. P. Fayette Co., Sept. T., 1894, No. 837, on verdict for defendant. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and DEAN, JJ. Affirmed.

Ejectment for a tract of land in North Union township. Before EWING, P. J.

At the trial it appeared that plaintiff claimed title as heir at law of Priscilla Carr. Defendant claimed title under a deed purporting on the record to be the deed of Robert Carr and his wife Priscilla Carr to Amzi S. Fuller. The signature of Priscilla Carr did not appear upon the record.

Defendant offered in evidence an agreement for the sale of the land in controversy to Amzi S. Fuller, dated Feb. 7, 1854, and signed by Robert Carr and Priscilla Carr, his wife, to be followed by proof that the money was paid as in this article stipulated, that she received all or part thereof, and that possession was taken by Mr. Fuller in pursuance of this agreement at the time, and held adversely by him and those claiming under him to the present time.

The plaintiff objected to the admission of the article of agreement with Amzi Fuller because it is a paper purporting to convey or agreeing to convey the title of a married woman to land, and it is not acknowledged in the manner prescribed by law and it is incompetent.

The Court: Objection overruled and bill sealed. [1]

Defendants offered in evidence a note by A. S. Fuller to Robert Carr and Priscilla Carr, dated October 10, 1854, for $688.28, payable on the first Monday of April, 1855, and witnessed by Daniel Downer, also the assignment on the back of said note, of Robert Carr and Priscilla Carr, of all their right, title, interest, claim, property and demand, whatsoever, in and to the within bond unto Isaac Skiles, Jr., for value received, dated the 11th day of October, 1854, and signed by Robert Carr and Priscilla Carr, and sealed.

Plaintiff objected to the admission of this note as offered by counsel, because it is incompetent to show title out of a married woman by evidence of the payment of the purchase money, while the plaintiff does not deny that the defendant's predecessors in title bought and paid for Robert Carr's interest in this land.

The Court: " Well, I don't understand that they are offered for the purpose of showing the receipt of the purchase money by her as going to make title or estoppel either."

Mr. Collins : " No."

Mr. Robinson : " What could be the purpose of it then ? "

The Court: " I suppose it was to show her familiarity with the circumstances, and some evidence going to show her execution of the deed.   Objection overruled and bill sealed." [2]

Two similar notes were offered in evidence and admitted under objection. [3, 4]

Defendant offered in evidence record of a deed from Robert Carr and Priscilla Carr, his wife, to Amzi Fuller, dated the 9th day of October, 1854, recorded October 11, 1854, in Deed Book No. 9, at page 64.

Mr. Robinson asked the purpose of the offer.

The Court: " As a paper in the line of title."

The plaintiff objected to the admission of the deed in evidence as any evidence of title out of Priscilla Carr.

The Court: " Objection overruled and deed admitted.   This

is done with the understanding that it is to be followed by testimony going to show that the original deed was executed. Bill sealed." [5]

The court charged in part as follows:

" [The defendants set up here that that deed as recorded there is not a correct transcript of the original instrument, and allege that the original instrument contains the signature and seal of Mrs. Carr, as well as that of her husband, Robert Carr.

" Now, that is the question that is submitted to your determination upon the testimony to which you have listened, and I want to say here that the testimony that has been admitted in this case in regard to that agreement and the participation of Mrs. Carr in the different transactions involved in the real estate deal, the declarations made by her, her receipt for the purchase money, or the payment of it in her presence with her consent, and her assignment of the obligations given for the purchase money, etc., were admitted, simply and solely as circumstances in the case going to show her connection with the transaction, what knowledge she had of it, and how far she participated in it, as bearing alone upon the question of whether or not she did sign and execute this deed. . . . They are simply to be considered as circumstances and facts surrounding the whole transaction and tending to lead you to a correct conclusion as to whether or not she did, as a fact, sign and seal the deed purporting to convey her interest in that land to Colonel Fuller.] [6] . . . .

" [The acknowledgment is required by the act of assembly to state that the wife was examined separate and apart from her husband; that the contents of the instrument were fully made known unto her, and that she sealed and delivered that instrument of her own free will and accord, without any coercion or compulsion of her said husband. Now as to those facts the certificate of the justice of the peace is conclusive in the absence of fraud and so forth, as I have explained to you. Those matters are not alleged here. That is true as to an instrument where these things appear. Of course it would be foolishness to insist that the certificate to a deed was conclusive of the fact that the person had signed it because the certificate said so, when the paper itself shows that he didn't. So that if the original instrument was here, which it is not, and therein

arises the trouble in this case, it would show conclusively, but the certificate of that justice of the peace is evidence of those points which are set forth in the certificate, and you ought to consider whether or not, under the facts and circumstances of this case with reference to that point, that certificate is correct as to the fact of her having signed it and sealed and delivered it as her act and deed, or whether that is a mistake, and the record of it, as made by the recorder when it was left with him, is correct.] " [7]

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* among others were (1–5) rulings on evidence, quoting the bill of exceptions; (6, 7) instructions as above, quoting them; (9) not instructing the jury that there was no evidence proper to be considered by them to show that the original deed of Oct. 9, 1854, was signed by Priscilla Carr.

*H. L. Robinson* and *W. C. M'Kean,* for appellant.—The court below erred in admitting in evidence the unacknowledged article of agreement: Glidden v. Strupler, 52 Pa. 400 ; Stivers v. Tucker, 126 Pa. 74.

Facts which of themselves can have no legitimate operation upon the issue, are not admissible in evidence, because the jury might possibly infer other facts which in connection with them would support the issue : Weidler v. Farmers' Bank, 11 S. & R. 134; Tams v. Lewis, 42 Pa. 402.

The court below erred in instructing the jury that the record of the justice's certificate of acknowledgment, no signature and no seal appearing upon the record, was evidence that Mrs. Carr had actually signed and sealed the original deed : Curry v. Raymond, 28 Pa. 144 ; Miller v. Ruble, 107 Pa. 395; Greenleaf on Evidence, vol. 1, sec. 84; Stevenson v. Hoy, 43 Pa. 191.

Courts of equity do not grant the high remedy of reformation upon a probability, nor even upon a mere preponderance of testimony, but only upon a certainty of error : Pomeroy's Eq. Jur. vol. 2, sec. 859; Edmond's App., 59 Pa. 220.

A justice's certificate of acknowledgment is evidence of nothing except that which the law requires him to certify to : Williams v. Baker, 71 Pa. 476 ; Miller v. Ruble, 107 Pa. 395.

*John Collins* and *R. E. Umbel* of *Boyd & Umbel, D. M. Hert-zog* with them, for appellee.—A record is conclusive evidence, but what is or is not a record is a matter of evidence and may be proved like other facts; otherwise there would be no remedy; Parker v. Luffborough, 10 S. & R. 248; Hillary v. Pollock, 1 Har. 186; McCay's App., 37 Pa. 125; Nourse v. McCay, 2 R. 70.

The record of the certificate of the justice of the peace before the acknowledgment was taken is complete. This record so far as it contains matters which he was legally bound to certify must be taken to be correct and is conclusive: Williams v. Baker, 71 Pa. 482; act of Feb. 24, 1770, 1 Sm. 307; Heeter v. Glasgow, 79 Pa. 79; Cover v. Manaway, 115 Pa. 345.

The appellant relies upon Miller v. Ruble, 107 Pa. 395. In that case, however, the original deed was produced which makes it entirely inapplicable to the case now under consideration.

OPINION BY MR. JUSTICE GREEN, July 18, 1895:

If Priscilla Carr actually signed the deed of October 9, 1854, purporting to be the deed of Robert Carr and Priscilla Carr his wife, to Amzi Fuller, the plaintiff has no case. The question whether she did sign it was the one controlling question in the cause. It was carefully and correctly submitted to the jury by the learned court below with proper instructions, and the jury has found that she did sign it. It was a pure question of fact and necessarily was submitted to the jury. No request was made by the plaintiff for a binding instruction to the jury to find for the plaintiff, and no such instruction could have been given if it had been asked. The ninth assignment of error therefore could not be sustained even if such a request had been made, and it cannot be sustained because none was made.

The other assignments of error simply raise questions of the admissibility of various offers of proof. Taking them up in their order the first assignment alleges error in admitting the original article of agreement for the sale of the land in question. It was dated Feb. 7, 1854, and it was signed by Priscilla Carr, Robert Carr and A. S. Fuller. It contained a covenant that Priscilla Carr and Robert Carr, being the parties of the first part,

would "on or before the first day of April, A. D. 1856, at the proper cost and charges of the said parties of the first part, their heirs and assigns, by good and lawful general warranty deeds, well and sufficiently grant, convey and assure unto the said Amzi S. Fuller his heirs and assigns in fee simple, clear of all encumbrances (widow's dower excepted which is hereinafter arranged), all that piece of land" etc., etc., being the land in question. This was an agreement by Priscilla Carr and her husband that they would do precisely what they purported to do by the deed of October 9th, following. The consideration named in the agreement was seventy-five dollars per acre, and it was to be paid, six hundred dollars on April 1, 1854, and the balance in two equal annual payments with interest from April 1, 1854, at which time possession was to be given. And it was also agreed that the widow's dower, $282.27, was to be considered as part of the purchase money, that the interest was to be paid to the widow during her life and at her death the principal was to be paid to Priscilla Carr and Robert Carr. In the deed the consideration money named was nineteen hundred and sixty-eight dollars and thirteen cents. Certain obligations were given in part payment of the purchase money by Amzi S. Fuller to Robert Carr and Priscilla Carr, all dated October 10, 1854, one for $688.28, payable the first Monday of April, 1855, another for $397.58, payable the first Monday of April, 1856, and another for $282.21, payable at the death of Elizabeth Springer, mother of Priscilla Carr.

When the article of agreement was offered in evidence, it was objected to on the ground that it was a paper agreeing to convey the land of a married woman and was not acknowledged in the manner prescribed by law. Of course if this was the only instrument under which it was claimed that the title passed, the objection would have been valid, and the paper should have been rejected. But it was not offered as such a paper, nor for any such purpose, but as one of a chain of facts, the whole of which tended to show that Priscilla Carr really did sign the deed which was subsequently executed and delivered. For that purpose it was undoubtedly competent, and it would have been manifest error to reject it.

The next three assignments of error are to the admission in evidence of the three obligations for $688.28; $397.58 and

$282.27 above referred to, given by Amzi S. Fuller to Robert Carr and Priscilla Carr, together with written assignments of the first two of them, signed by Robert Carr and Priscilla Carr to Isaac Skiles, Jr. As these bonds are precisely such as were probably given in payment of the purchase money, and as the assignments of them were executed by Priscilla Carr as well as Robert Carr, they are just such papers as would have passed between the parties if Priscilla Carr had signed the deed which was given contemporaneously, for the land in question. They were strong and highly persuasive evidence that she had signed the deed. Indeed it is not possible to conceive that the purchaser of the land would have ever given these obligations if Priscilla Carr had not signed the deed. And still more they are very convincing proof that her right to receive the money was recognized by the fact that she was made a payee, and her consent to the whole transaction, including the execution of the deed by her was strongly to be inferred, from the acceptance and assignment by her of these papers. In this point of view, they were undoubtedly competent, and it was for this purpose they were offered and properly received.

The fifth assignment alleges error in the admission of the deed in evidence, because the record did not show the signature of Priscilla Carr to the deed. Of course if the absence from the record of the deed, of her name as one of the grantors, was conclusive proof that she never signed it, the objection should have been sustained. But there is no law for such a proposition. Her name might have been omitted from the record by the mistake of the recorder, or his copying clerk, and it is simply a question whether the probabilities from all the testimony in the case are sufficient to justify the jury in attributing the absence of her name from the record to such a mistake. When the other facts are briefly reviewed it is simply impossible to account for them except upon the theory that the omission of her name on the record, as one of the grantors, was due solely to the mistake of the recorder or his clerks. In the first place, the deed with her signature attached was precisely what she agreed to give when she executed the article of agreement. In the next place the deed on its face purported to be her deed, as well as that of her husband. In fact her signature was more important for passing the title than that of her husband. The

land was hers, it came to her from her father by inheritance and upon proper proceedings in partition in the orphans' court, and it is so recited in the deed. In no possible sense can the deed be interpreted as being merely the deed of the husband for his life estate as tenant by the courtesy. In the designation of the parties the deed declares on its face that it is an indenture, " between Robert Carr and Priscilla Carr his wife of North Union Township, Fayette County, State of Pennsylvania of the first part, and Amzi Fuller of Uniontown, County and State aforesaid, of the second part." And the deed proceeds to declare that " Robert Carr and Priscilla his wife for and in consideration " etc. do hereby grant, bargain and sell etc. etc. all that certain lot or piece of land etc. etc. to the said Fuller, his heirs and assigns forever. And both the husband and wife join in the covenant of title and assert that they have both set their hands and seals to the instrument.

As a matter of course the deed was intended by every one interested to be the deed of the wife as well as of the husband, and no rational process of thought can attribute, either to the grantors, any intent or desire to execute and deliver a deed not signed by the wife, or to the grantee any willingness, intent or desire to accept such a deed. That conclusion is so enormously improbable that it is simply and absolutely incredible. In the next place the justice of the peace who took the acknowledgment certifies most distinctly and positively, under his hand and seal, that both the husband and wife did in fact appear before him on the day of the date of the deed, and did both, " severally " acknowledge " the foregoing indenture to be their act and deed and desired that the same might be recorded as such." And further that " the said Priscilla being of full age and separate and apart from her said husband by me examined declaring (the full contents of said indenture being first made known to her) she did voluntarily and of her own free will and accord sign seal and as her act and deed deliver the said Indenture without any coercion or compulsion on the part of her said husband."

As to this certificate there is no mistake. It is an affirmative, official declaration, that all the facts therein stated did actually occur, and this official declaration has assigned to it by the decisions of this court a legal effect such as, in the absence of

proof of fraud or duress, does not permit an opposite conclusion to be drawn.

In Williams v. Baker, 71 Pa. 476, we said, "Under the act of 24th February, 1770, 1 Sm. 307, establishing a mode by which husband and wife may convey the estate of the wife, the official certificate of acknowledgment is the only evidence that the wife has acknowledged the deed in the form required by the statute, in order to make a valid conveyance of her interest in real estate, and except in cases of fraud and duress, it is conclusive of every material fact appearing on its face."

In Heeter v. Glasgow, 79 Pa. 79, we said, " The certificate of a justice of the peace of the acknowledgment of a deed or mortgage is a judicial act. It is conclusive of the facts certified to in the absence of fraud or duress. This is the current of all the authorities in this state."

To the same effect is Cover v. Manaway, 115 Pa. 345. Here then we have a conclusive judicial declaration that Priscilla Carr did appear in person and acknowledge that she did sign and seal this deed. There is no proof of fraud or duress, and hence the facts certified are conclusively presumed to be true. But these facts cannot be true and the record of the deed be a true record. While the accidental omission of the name of the wife as a grantor, on the record of the deed, can be easily accounted for on the theory of a mistake of the copyist, the positive judicial declaration that she did acknowledge her signing and sealing the deed cannot be accounted for, except upon the absolute assumption of its truth. This being so it is a very modest estimate of the legal effect of the acknowledgment to say, that it is evidence of the fact of signing which may be considered by the jury. Of course if a deed is actually produced which contains a certificate of full acknowledgment, and yet does not contain the signature of one of the grantors, the physical proof demonstrates that there was a mistake in the acknowledgment. This was the fact in the case of Miller v. Ruble, 107 Pa. 395, but that is not this case. We are very clear that the recorded deed was properly admitted in evidence. Without pursuing the subject in all its details it may briefly be said that all the other facts in evidence were consistent only with the fact of an actual execution of the deed by the wife. For instance, the grantors gave up the possession of the property to the grantee who lived on it a number

of years, stripped it of its timber, sold it in 1863 to Craig who occupied it until his death, and although Robert and Priscilla Carr lived in the neighborhood, never did they or either of them make any claim to the property. It remained in the possession of the purchaser, Fuller, and his grantees and successors to the title, from 1854 to 1893, almost forty years, and then was only claimed by a son who was informed of the defect in the record by the present owners, and for that reason alone, and not on account of any defect in the title which his parents would certainly have known if his mother had really not signed the deed, he brought this action. In addition to this the purchase money was all paid a few years after the deed was made and valuable improvements were made on the land with the knowledge of Robert and Priscilla Carr, without any notice from either of any defect in the title. In short all the facts in the case are consistent with an actual execution of the deed to Fuller by Priscilla Carr, and are entirely inconsistent with a refusal on her part to sign. The seventh and eighth assignments are without merit. The case was properly left to the jury who returned a verdict which we think was entirely justified by the testimony.

Judgment affirmed.