479 A.2d 601

Emily ABRAHAM, formerly Emily DiMaio and James E. Abraham, her husband, Appellants,

v.

Viola D. MIHALICH, Executrix of the Estate of Anna Ernestine Vitori, a/k/a Anne E. Vitori, Appellee.

Superior Court of Pennsylvania.

Argued Jan. 24, 1984.

Filed Aug. 3, 1984.

Michael W. Zurat, Pittsburgh, for appellants.

John F. Cambest, Pittsburgh, for appellee.

Before WIEAND, TAMILIA and POPOVICH, JJ.

WIEAND, Judge:

In this appeal from a final equity decree refusing to set aside a quitclaim deed, the appellant grantors allege (1) that the deed was not delivered, and (2) that the acknowledgement was invalid because the grantors were unaware that a notary public was present and witnessed the deed's execution. For reasons hereinafter set forth, we affirm.

Whether there has been a delivery of a deed is a question of fact to be determined from the evidence by the trial court. *Mower v. Mower*, 367 Pa. 325, 327, 80 A.2d 856, 858 (1951); *In re Cray's Estate*, 353 Pa. 25, 27, 44 A.2d 286, 287 (1945); *Chambley v. Rumbaugh*, 333 Pa. 319, 321, 5 A.2d 171, 172 (1939). Whether there has been a delivery in fact depends upon the intention of the grantor as shown by his words and actions and by the circumstances surrounding the transaction. *Loutzenhiser v. Doddo*, 436 Pa. 512, 517, 260 A.2d 745, 747 (1970); *City Stores Co. v. Philadelphia*, 376 Pa. 482, 486, 103 A.2d 664, 666–667 (1954); *Mower v. Mower, supra*. To effect a delivery, it is not essential that the grantor give the deed directly to the grantee. Delivery is effected if the grantor relinquishes control and gives the deed to a third party either with specific instructions to deliver it to the grantee or if the attendant facts and circumstances indicate that the grantor intended that delivery be made by the third party to the grantee. *Pronzato v. Guerrina*, 400 Pa. 521, 527, 163 A.2d 297, 299–300 (1960); *Chambley v. Rumbaugh, supra*, 333 Pa. at 322–323, 5 A.2d at 173.

In the instant case, the chancellor made a finding that the grantor had delivered the deed by giving it, following execution, to Joseph Mihalich, the husband of the grantee executrix. Although there was a conflict in the testimony regarding this issue, the trial court resolved the conflict in favor of the grantee. Her evidence disclosed that she, Viola D. Mihalich, had been the executrix of her deceased mother's estate. Among the assets of the estate was a piece of real estate in Forward Township, Allegheny County, which the executrix wished to sell. It was discovered,

however, that an outstanding interest in the real estate was vested in the decedent's sister, Emily DiMaio Abraham. Viola called her Aunt Emily and requested that she meet with the attorney for the estate so that the title defect could be corrected. Emily was too busy operating a tavern, however, and said that she was unable to go to the attorney's office. It was arranged, therefore, that Viola's husband, Joseph, would bring the deed to her tavern, together with a notary, to obtain execution thereof by Emily and her husband. Joseph Mihalich and William Skyrmes, a notary public, thereafter went to the Abraham's tavern, where Emily Abraham and Joseph Mihalich had a discussion while Skyrmes observed from a distance estimated to be fifteen or twenty feet. After reading the deed, Emily said she would sign it because she didn't own the property. After she had signed it, she called to her husband and he, too, signed the deed. The deed was then given to Joseph, who folded it and began to leave. Emily said she didn't intend to cause trouble. The notary also left the tavern, and in the car, which had been parked in the parking lot, he attached his signature and affixed his seal to the acknowledgement. Although the appellants produced evidence that Emily had signed the deed in anticipation of having it reviewed by her attorney and that Joseph had grabbed it from her hands after the deed had been signed, this evidence was found to lack credibility by the trial judge. He was the trier of the facts, and it was his duty to resolve the conflict in the testimony. *Pirilla v. Bonucci,* 320 Pa.Super. 496, 500, 467 A.2d 821, 823 (1983). Because his findings are fully supported by competent evidence, they are binding upon a reviewing court. *Loutzenhiser v. Doddo, supra,* 436 Pa. at 518, 260 A.2d at 748; *Daley v. Hornbaker,* 325 Pa.Super. 172, 176, 472 A.2d 703, 705 (1984); *Pirilla v. Bonucci, supra.*

An acknowledgement is a formal declaration before an authorized official, by the person who executed the deed, that it is his free act and deed. Acknowledgement also refers to the certificate of the officer that the instrument has been so acknowledged. Black's Law Dictionary

382

(5th ed. 1979). See also: 1 Am.Jur.2d Acknowledgements § 1 (1962); 1 P.L.E. Acknowledgement § 1. An acknowledgement is a judicial act and is conclusive of the facts certified in the absence of fraud. *Carr v. H.C. Frick Coke Co.*, 170 Pa. 62, 69–70, 32 A. 656, 662 (1895); *Citizen's Saving & Loan Ass'n v. Heiser*, 150 Pa. 514, 24 A. 733 (1892). An acknowledgement is an essential prerequisite for recording a deed. Act of May 28, 1715, 1 Sm.L. 94, § 2, 21 P.S. § 42. See also: *Trustees of the Baptist Church v. Boden*, 6 Pa.D. & C.2d 378 (Mont.Co.1957). However, an acknowledgement is unnecessary to render a deed valid as between the parties. *Faust v. Heckler*, 359 Pa. 19, 22 n. 1, 58 A.2d 147, 149 n. 1 (1948); *Maguire v. Preferred Realty Co.*, 257 Pa. 48, 51, 101 A. 100, 101 (1917). As between the parties, a deed is valid and binding if duly executed and delivered. *Maguire v. Preferred Realty Co., supra.*

In the instant case, it is unnecessary to review the trial court's determination that the deed had been properly acknowledged. The appellant grantors admitted that they had signed the deed; and the trial court found upon competent evidence that the deed had been delivered. Under these circumstances, even a defective acknowledgement would not be a basis for invalidating the deed. The trial court properly refused to set it aside.

Affirmed.