In re George W. REIMILLER and Kathleen M. Reimiller, Debtors.

William G. Schwab, Esquire, Chapter 7 Trustee, Plaintiff,

v.

Conseco Finance Consumer Discount Company, f/k/a Green Tree Consumer Discount Co., Defendant.

In re Bernard Pasker, Debtor.

William G. Schwab, Esquire Chapter 7 Trustee, Plaintiff,

v.

Conseco Finance Consumer Discount Company, Defendant.

In re Thomas Galbraith, Debtor.

William G. Schwab, Esquire, Chapter 7 Trustee, Plaintiff,

v.

GMAC Mortgage Corporation, Defendant.

In re Shawn W. Mehalshick and Mary Jo Mehalshick, Debtors.

William G. Schwab, Esquire Chapter 7 Trustee, Plaintiff,

v.

Pennsylvania Housing Finance Agency assignees of Mellon Bank, N.A., assignee of FT Mortgage Companies, d/b/a MNC Mortgage, Defendant.

In re Mark J. Merola and Lisa A. Merola, Debtors.

William G. Schwab, Esquire Chapter 7 Trustee, Plaintiff,

v.

M & T Bank, Successor to Keystone Financial, Successor to Pennsylvania National Bank, Defendant.

Bankruptcy Nos. 5–01–00777, 5–

01–01323, 5–01–00714, 5–01–01672, 5–00–04064. Adversary Nos. 5–01–00087A, 5–01–00106A, 5–01–00085A, 5–01–00143A, 5–01–00160A.

United States Bankruptcy Court, M.D. Pennsylvania, Wilkes-Barre Division.

May 8, 2002.

William G. Schwab, Lehighton, PA, Trustee in Bankruptcy.

Joseph F. Riga, Whittlesey McDowell & Riga, Mapple Shade, NJ, Gregory Javardian, Southampton, PA, for Conseco Finance Consumer Discount Co.

Jeffrey J. Tokach, Pittston, PA, for George W. Reimiller and Kathleen M. Reimiller.

Thomas K. Feissner, Hazleton, PA, for Bernard Pasker.

William J. Levant, Kaplin Stewart Meloff Reiter & Stein, P.C., Blue Bell, PA, for GMAC Mortgage Corp.

Michael D. Muffley, Jim Thorpe, PA, for Thomas Galbraith.

Michael G. Oleyar, West Hazleton, PA, for Pennsylvania Housing Finance Agency.

Michael S. Greek, Lansford, PA, for Shawn W. Mehalshick and Mary Jo Mehalshick.

Douglas J. Smillie, Fitzpatrick Lentz & Bubba, P.C., Center Valley, PA, for M & T Bank.

Brian E. Manning, Doran & Nowalis, Wilkes–Barre, PA, for Mark J. Merola and Lisa A. Merola.

## OPINION[1]

JOHN J. THOMAS, Bankruptcy Judge.

The above-captioned cases, although unrelated, present the same legal issue: whether a recorded mortgage copy must bear evidence of a notary's embossment on the original document to be validly recorded. An individual discussion of the factual background and procedural history of each

1. Drafted with the assistance of Keith Hunter, Law Clerk.

case is warranted for an understanding of this decision.

**IN RE: REIMILLER, George and Kathleen**

*Factual Background*

The Debtors have an ownership interest in real estate located at 38 Newport Drive, Hazleton, Luzerne County, Pennsylvania. On October 19, 1999, they obtained a loan from Greentree Consumer Discount Company and secured that loan by a mortgage on their real estate at 38 Newport Drive. The mortgage was executed by the Debtors on October 19, 1999, and recorded by the Luzerne County Recorder of Deeds in Mortgage Book Number 2549, Page 212, on February 10, 2000. Subsequently, the mortgage was transferred to Conseco Finance Consumer Discount Company (hereinafter "Conseco").

*Procedural History*

This adversary proceeding was commenced by the Trustee's Complaint to Avoid the [Defendant's] Mortgage Pursuant to 11 U.S.C. § 544(a).[2] The Trustee seeks to avoid the mortgage, alleging a substantive deficiency because the recorded copy of the mortgage does not reflect the presence of a notary's embossment on the original document.[3] Both the Trustee and Conseco filed Motions for Summary

Judgment, both parties have filed briefs, and the Motions are ready for determination.

**IN RE: PASKER, Bernard**

*Factual Background*

The Debtor has an ownership interest in real estate located at 162–166 South Bennett Court, Hazleton, Luzerne County, Pennsylvania. On March 8, 2000, he obtained a loan from Conseco Finance Consumer Discount Company, (hereinafter "Conseco"), and secured that loan by a mortgage on his real estate at 162–166 South Bennett Court. The mortgage was executed by the Debtor on March 8, 2000, and recorded by the Luzerne County Recorder of Deeds in Mortgage Book Number 2557, Page 147, on March 10, 2000.

*Procedural History*

This adversary proceeding was commenced by the Chapter 7 Trustee's Complaint to Avoid the [Defendant's] Mortgage Pursuant to 11 U.S.C. § 544(a). The Trustee seeks to avoid the mortgage, alleging a substantive deficiency because the recorded copy of the mortgage does not reflect the presence of a notary's embossment on the original document. Both the Trustee and Conseco filed Motions for Summary Judgment, both parties have

---

**2.** 11 U.S.C. § 544(a)(3) reads as follows:

544(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by . . .

(3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

**3.** Although this issue was not specifically raised in the Trustee's Complaint, it was sufficiently raised by implication. This is evidenced by the fact that the Defendant addressed the issue in its Motion for Summary Judgment filed prior to the Trustee's Cross-Motion. Furthermore, in Paragraph 23 of the Trustee's Cross-Motion for Summary Judgment, a second issue was withdrawn and the Trustee alluded to this issue: "Upon further investigation, the Trustee is negating the issue of whether the notary was present at the time of execution by the Debtors, and thus the sole issue to resolve in this matter is whether the recorded document which does not reflect an embossment is defective on its face and thus avoidable by the hypothetical lien creditor."

filed briefs, and the Motions are ready for determination.

## IN RE: GALBRAITH, Thomas

*Factual Background*

The Debtor has an ownership interest in real estate located at HC1, Box 195, Jim Thorpe, Carbon County, Pennsylvania. On February 10, 1998, he obtained a loan from Harbor Financial Mortgage Corp. and secured that loan by a mortgage on his real estate at HC1, Box 195. The mortgage was executed by the Debtor on February 10, 1998, and recorded by the Carbon County Recorder of Deeds in Mortgage Book Number 743, Page 107, on February 19, 1998. Subsequently, the mortgage was assigned to GMAC Mortgage Corp. (hereinafter "GMAC").

*Procedural History*

This adversary proceeding was commenced by the Trustee's Complaint to Avoid the [Defendant's] Mortgage Pursuant to 11 U.S.C. § 544(a). The Trustee seeks to avoid the mortgage, alleging a substantive deficiency because the recorded copy of the mortgage does not reflect the presence of a notary's embossment on the original document. Both the Trustee and GMAC filed Motions for Summary Judgment, both parties have filed briefs, and the Motions are ready for determination.

## IN RE: MEHALSHIK, Shawn and Mary Jo

*Factual Background*

The Debtors have an ownership interest in real estate located at 326 East Bertsch Street, Lansford, Carbon County, Pennsylvania. On February 1, 1996, they obtained a loan from FT Mortgage Companies d/b/a MNC Mortgage and secured that loan by a mortgage on their real estate at 326 East Bertsch Street. The mortgage was executed by the Debtors on February 1, 1996, and recorded by the Carbon County Recorder of Deeds in Mortgage Book Number 646, Page 56, on February 1, 1996. Subsequently, the mortgage was assigned to Mellon Bank, NA, and thereafter to Pennsylvania Housing Finance Agency (hereinafter "PHFA").

*Procedural History*

This adversary proceeding was commenced by the Trustee's Complaint to Avoid the [Defendant's] Mortgage Pursuant to 11 U.S.C § 544(a), filed on June 4, 2001. The Trustee seeks to avoid the mortgage, alleging a substantive deficiency because the recorded copy of the mortgage does not reflect the presence of a notary's embossment on the original document. Both the Trustee and PHFA filed Motions for Summary Judgment, both parties have filed briefs, and the Motions are ready for determination.

## IN RE: MEROLA, Mark and Lisa

*Factual Background*

The Debtors have an ownership interest in real estate located at 645 Peace Street, Hazleton, Luzerne County, Pennsylvania. On November 27, 1998, they obtained a loan from Pennsylvania National Bank and Trust Company and secured that loan by a mortgage on their real estate at 645 Peace Street. The mortgage was executed by the Debtors on November 27, 1998, and recorded by the Luzerne County Recorder of Deeds in Mortgage Book Number 2399, Page 1041, on December 2, 1998. Subsequently, the mortgage was assigned to Keystone Financial, and thereafter to M & T Bank.

*Procedural History*

This adversary proceeding was commenced by the Trustee's Complaint to Avoid the [Defendant's] Mortgage Pursuant to 11 U.S.C. § 544(a). The Trustee seeks to avoid the mortgage, alleging a substantive deficiency because the record-

ed copy of the mortgage does not reflect the presence of a notary's embossment on the original document. Both the Trustee and M & T Bank filed Motions for Summary Judgment, both parties have filed briefs, and the Motions are ready for determination.

*Opinion*

Under Federal Rule of Civil Procedure 56(c), applicable to these proceedings through Bankruptcy Rule 7056, summary judgment may be entered only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R.CIV.P. 56(c). The party moving for summary judgment has the burden of proving that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Additionally, on summary judgment, the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Mraz v. County of Lehigh,* 862 F.Supp. 1344 (E.D.Pa.1994). With regard to "materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). To preclude a summary judgment, there must be a "genuine" issue of the material fact, "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248, 106 S.Ct. at 2510. "If the evidence is merely colorable, or is not significantly probative, summary judg-

ment may be granted." *Id.* at 249–250, 106 S.Ct. at 2511 (citations omitted).

In these cases, all of the Debtors have purchased real estate. When the Debtors purchased their real estate, each of them borrowed money for the purchase and secured those loans with mortgages. Each of the mortgages appears to have been executed by the respective Debtors, each has an acknowledgment which appears to be complete and regular on its face, each acknowledgment has been certified in Pennsylvania by a notary public, and each mortgage has been recorded in the recorder of deeds office in the counties in which the properties lie. The Trustee contends that the recorded copies lack evidence of the notary's embossment on the original mortgages. He further argues that if evidence of the seal is required on the recorded copy, and is absent from the copies, then the mortgages may be avoidable by the Trustee as a hypothetical lien creditor under Section 544 of the Bankruptcy Code (11 U.S.C. § 544).

 "[T]he Supreme Court has held. that the property interests of mortgagor and mortgagee are created and defined by state law. *Butner v. United States,* 440 U.S. 48, 55, 99 S.Ct. 914, 918, 59 L.Ed.2d 136, 140 (1979)." *Commerce Bank v. Mountain View Village, Inc.,* 5 F.3d 34, 36 (3d Cir.1993). Bankruptcy courts must take the necessary steps to "ensure that the mortgagee is afforded in federal bankruptcy court the same protection he would have under state law if no bankruptcy ensued." *Commerce Bank v. Mountain View Village, Inc., supra,* at 37.

 To perfect a security interest under Pennsylvania law, the mortgagee must record the mortgage with the Recorder of Deeds in the county in which the real estate is located. 21 P.S. § 621. The purpose of recording the mortgage is to provide notice to the whole world of the

person or entity who encumbers the title. *Ladner on Conveyancing in Pennsylvania*, § 18.02 (Revised 4th Ed., 1979), *citing Salter v. Reed*, 15 Pa. 260, 263, 1850 WL 5989 (1850). Prior to enactment of the unified recording statute, a mortgagee's only protection against the existence of a prior conveyance was the honesty of the grantor or mortgagor, backed by his covenant of warranty which often proved worthless. It became clear that greater protection was needed, which gave rise to the recording statutes. *Ladner*, § 18.02. Recording an instrument means it is copied by an official, duly designated by the state, into a book or other medium which is preserved as a public record. *Ladner*, § 18.01.

An acknowledgment is an essential prerequisite for *recording* a mortgage, but is not necessary for the *validity* of the instrument. *Abraham v. Mihalich*, 330 Pa.Super. 378, 381, 479 A.2d 601, 603 (1984); 21 P.S. § 42. An acknowledgment is a formal declaration or admission before an authorized public officer, by a person who has executed an instrument, that such instrument is his or her act and deed. *Abraham v. Mihalich*, 330 Pa.Super. at 381, 479 A.2d at 603. "Acknowledgment" also includes the "certificate", or written evidence of the act of acknowledgment made by the officer. *Id.* at 381, 479 A.2d at 603. With the acknowledgment, the mortgage is eligible to be recorded, or to be received in evidence, or both, without further proof of execution. *Munsey Trust Co. v. Alexander, Inc.*, 42 F.2d 604, 605, 59 App.D.C. 369, 370 (1930).

Acknowledgments were unknown under the common law. *Munsey Trust Co. v. Alexander, Inc., supra.; 1A C.J.S., AC-KNOWLEDGMENTS, § 3.* The Statute of Enrollments, enacted in England in 1536, prohibited the conveyance of lands by bargain and sale unless by deed. The deed was recorded before specified officers who required evidence that the document to be recorded was actually executed by the parties named therein. Although the statute did not specifically mention acknowledgments, acknowledgments came into use for parties to furnish the required evidence. *Pidge v. Tyler*, 4 Mass. 541, 1808 WL 1173 (1808); *1A C.J.S., ACKNOWLEDG-MENTS, § 3.* The Statute of Enrollments was never enacted in the American colonies, but acknowledgments nevertheless came into use. In the colonies with statutes requiring that deeds be witnessed, it was thought that acknowledgment was equivalent to proof by witnesses. *Milligan v. Dickson*, 17 F.Cas. 376 (1817); *1A C.J.S., ACKNOWLEDGMENTS, § 3.* In other colonies, as early as 1641, ordinances were passed providing for recording deeds. Mortgages would be admitted to record when the acknowledgment was made before a magistrate, since magistrates were generally accessible while recorders were not. *Pidge v. Tyler*, 4 Mass. 541 (1808).

Today, Pennsylvania acknowledgments are governed by the *Uniform Acknowledgment Act*, 21 P.S. § 291.1, *et seq.*, adopted in the Commonwealth in 1941. Under the Act, acknowledgment is made before an authorized officer, who must certify the acknowledgment. A certificate of acknowledgment is completed with the signature and title of the officer, and notaries must state the date their commissions expire. 21 P.S. § 291.8.[4] A Pennsylvania notary is also required to provide and keep an official seal, which shall be used to authenticate all acts of the notary. 57 P.S.

---

4. 21 P.S. § 291.8 reads as follows:
"The certificate of the acknowledging officer shall be completed by his signature, his official seal, if he has one, the title of his office, and, if he is a notary public, the date his commission expires."

§ 158.[5] The official seal is required on any certificate of acknowledgment completed by the notary, and it must be "capable of photographic reproduction." 57 P.S. § 157(b).

In addition to the official seal, a notary public is required to use and keep an embosser engraved with "the words 'Notary Public, Commonwealth of Pennsylvania,' and the name and surname of the notary. **All documents executed shall bear a legibly embossed impression.**" 57 P.S. § 158(c) (emphasis added). The highlighted portion, added in 1988, is important in two ways. First, it is conjunctive, rather than alternative, and is mandated in addition to the rubber stamp required since the statute's inception. Second, and more significant, although it must be on all executed documents, there is no requirement that the embossed impression be "capable of photographic reproduction."

The record in these cases does not fully reflect whether the "executed documents" (the original mortgages) bear a legibly embossed impression. However, the Trustee has not challenged the presence of a "legibly embossed impression" on the original mortgages. To the contrary, the Trustee says in his brief that "[w]hether the original has such embossing is not relevant to the inquiry." [Trustee's Brief in Support (**REIMILLER**, Doc. # 14A; **PASKER**, Doc. # 12A; **GALBRAITH**,

Doc. # 14A; **MEHALSHIK**, Doc. # 9A; **MEROLA**, Doc. # 13A) at 7.] Instead, the Trustee appears to assert that the statutory phrase "legibly embossed impression" requires that such impression be capable of photographic reproduction so it will appear on the record copy of the mortgage and provide notice to all that search the record. He argues that "[t]he requirement is that the embossing be legible for all to see and determine its validity." [Trustee's Brief in Support (**REIMILLER**, Doc. # 14A; **PASKER**, Doc. # 12A; **GALBRAITH**, Doc. # 14A; **MEHALSHIK**, Doc. # 9A; **MEROLA**, Doc. # 13A) at 7.] Further, the Trustee argues, in a case where the original deed is lost, "a lien creditor only has access to inspect the public records to determine if a valid Mortgage is recorded." [Trustee's Brief in Support (**REIMILLER**, Doc. # 14A; **PASKER**, Doc. # 12A; **GALBRAITH**, Doc. # 14A; **MEHALSHIK**, Doc. # 9A; **MEROLA**, Doc. # 13A) at 8.] Apparently, the Trustee has combined the concept of the "official seal" and "embosser" to suggest that they are one and the same. They are not. If the Pennsylvania Legislature had intended the embossed impression to likewise be capable of "photographic reproduction", it certainly knew how to manifest that intention; it did so in the immediately prior sub-section of the Code. 57 P.S. § 158(b). The requirement is no-

---

**5.** 57 P.S. § 158 reads as follows:

(a) A notary public shall provide and keep an official seal which shall be used to authenticate all the acts, instruments and attestations of the notary. The seal shall be a rubber stamp and shall show clearly in the following order: the words "Notarial Seal"; the name and surname of the notary and the words "Notary Public"; the name of the political subdivision and county in which the notary maintains an office; and the date the notary's commission expires.

(b) the seal shall have a maximum height of one (1) inch and width of three and one-half (3½) inches, with a plain border. It shall be stamped in a prominent place on the official notarial act near the notary's signature in such a manner as to be capable of photographic reproduction.

(c) In addition to the official seal required in subsection (a), a notary public shall also use and keep an embosser upon which shall be engraved the words "Notary Public, Commonwealth of Pennsylvania," and the name and surname of the notary. All documents executed shall bear a legibly embossed impression.

ticeably absent from the embosser provisions.

In light of the foregoing, the acknowledgment is sufficient and it does not nullify the recording. The Trustee's Motions for Summary Judgment are hereby denied, and the Defendants' Motions are hereby granted.