J-A14045-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JACK STANLEY, JR., AND ERIC STANLEY, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | |
| JACK D. STANLEY AND MAXINE STANLEY, HUSBAND AND WIFE, SHANE DEVER AND PAMELA STANLEY | : | No. 32 WDA 2019 |

Appeal from the Order Dated December 12, 2018
in the Court of Common Pleas of Greene County
Civil Division at No(s):  No. AD-762-2014

BEFORE:  OTT, J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:          **FILED SEPTEMBER 12, 2019**

Jack Stanley, Jr., and Eric Stanley (collectively, "Sons") appeal from the Order directing the entry of judgment against them, and in favor of Jack D. Stanley[1] and Maxine Stanley (collectively, "Parents"), Pamela Stanley

_____

[1] Jack D. Stanley, deceased (February 4, 2015), was alive at the commencement of this action.

J-A14045-19

("Daughter"), and Shane Dever ("Grandson"), on October 18, 2018. We

reverse and remand for further proceedings.[2]

The relevant factual history has been previously summarized by this

Court as follows:

> In January 2004, Parents determined to convey, as a gift, their 40% interest in certain real estate located in Franklin Township, Greene County, Pennsylvania [(the "Property"),] in equal shares to [Sons and Daughter]. At the time, Parents instructed their accountant, William Kania [("Kania")], of W.B. Kania & Associates, to prepare the deed to effect the transfer.[FN1] Parent's [*sic*] Federal Gift Tax return for 2004 reflected their gift of the real estate to [Sons and Daughter]. Notwithstanding the instructions to Kania, no deed was prepared or executed at that time. Nevertheless, commencing in January 2004, [Sons and Daughter] received [their] 40% share of the rental income of the Property and contributed [their] 40% share of the expenses. In May 2012, Sons became aware that a deed for transfer of the Property had not been executed. Sons therefore arranged for the preparation of a deed and sent it to Parents, who resided in Florida, for execution. The deed was executed and returned to Sons for recording. However, the deed was "incorrectly executed" and was

---

[2] The trial court's docket indicates that the Prothonotary did not actually enter judgment in this matter. Generally, an order must be reduced to judgment and docketed before an appeal is proper. *See Thomas v. Elash*, 781 A.2d 170, 174 n.3 (Pa. Super. 2001) (holding that a trial court's direction that judgment be entered, unaccompanied by an actual entry of the judgment on the docket, is interlocutory and not appealable). However, this procedural defect does not preclude our exercise of jurisdiction over this appeal. We may review an appeal in the absence of a properly entered judgment where "the order from which a party appeals was clearly intended to be a final pronouncement on the matters discussed…." *Johnston the Florist, Inc. v. TEDCO Constr. Corp.*, 657 A.2d 511, 514 (Pa. Super. 1995) (*en banc*) (internal quotation marks omitted); *see also McCormick v. N.E. Bank of Pa.*, 561 A.2d 328, 330 n.1 (Pa. 1989) (where appellants' motion for post-trial relief is not reduced to judgment by praecipe, "in the interests of judicial economy, we shall regard as done that which ought to have been done.") (internal quotation marks omitted).

- 2 -

consequently returned to Parents for correction. Parents never completed a corrected deed. Subsequently, by deed dated and recorded on May 28, 2013, Parents conveyed the Property to Grandson.[FN2] After May 28, 2013, through actions of Daughter, the 40% share of the income from the Property has been paid to Grandson.

[FN1] [] Kania [was, at the time,] a co-owner of the Property.

[FN2] The May 28, 2013 deed contained an [error, such that a] corrective deed was recorded [on] June 5, 2013.

**Stanley v. Stanley**, 153 A.3d 1120 (Pa. Super. 2016) (unpublished memorandum at 1-2) (footnotes in original).

In 2014, Sons filed a Complaint to quiet title against Parents, Daughter, and Grandson, with the purpose of determining ownership of the Property and rights to income generated by the Property. Sons subsequently amended the Complaint to include counts against Daughter and Grandson for conversion and unjust enrichment. Parents, Daughter, and Grandson filed Preliminary Objections in the nature of a demurrer, challenging the legal sufficiency of Sons' averment that the Property was gifted to Sons and Daughter in 2004. The trial court subsequently sustained the Preliminary Objections, concluding that a deed to the Property was not delivered to Sons, which necessarily precluded a finding that the Property had been gifted to Sons and Daughter. **See** Trial Court Opinion, 3/9/15, at 1.

On appeal, this Court reversed and remanded for further proceedings, observing that the ability to record a deed is not vital to the consummation, *i.e.,* the delivery, of a gift of real property. **See Stanley**, 153 A.3d 1120, at

8-9. This Court further stated that Parents' refusal to execute a second, corrective deed, upon their return from Florida, was irrelevant, insofar as the gift could have been completed in 2004, or in 2012, when Parents mailed the faulty deed to Sons. *See id.*

After a bench trial, the trial court entered a verdict against Sons as to each count in Sons' Amended Complaint. Sons filed a Motion for Post-Trial Relief, which the trial court denied on December 12, 2018. Sons thereafter filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(a) Concise Statement of Errors.

On appeal, Sons raise the following questions for our review:

1. Whether the [trial] [c]ourt erred as a matter of law and fact in finding that the gift of the forty (40%) percent interest in the [P]roperty at issue [] to [Sons] and [Daughter] [] did not occur in 2004, despite the uncontradicted evidence at trial of, *inter alia*, the filing of a [United States] Gift Tax Return relative to the [Property] in 2004, relinquishment of control of the [Property] in 2004[,] and the confirmatory deed executed and delivered from [Parents] to [Sons and Daughter] in May [] 2012[?]

2. Whether the [trial] [c]ourt erred as a matter of law and fact in finding that the original deed prepared and executed in May 2012[,] [] evidencing the [g]ift[,] was not delivered in May 2012, when the uncontradicted evidence at trial established that the [o]riginal [d]eed to the [Property] was executed, albeit incorrectly, and delivered by [Parents] to [Sons and Daughter] in May 2012[?]

3. Whether the trial court committed an error of law in denying [Sons'] claims against [Parents, Daughter, and Grandson] for [c]onversion and [u]njust [e]nrichment, when the [g]ift to [Sons] was made in 2004, or at the latest 2012, and since 2013, [Daughter and Grandson] unilaterally and improperly

secured the benefits of the gifted [P]roperty to the detriment and exclusion of [Sons][?]

4. Whether the trial court erred as a matter of law by admitting evidence in the nature of statements offered by [Parents, Daughter, and Grandson,] purported to have been made by [] Jack [D.] Stanley, [] who died pending these proceedings and prior to trial, over objections that the statements were admitted in violation of the Pennsylvania Dead Man's Act[3] and in violation of the Rules of Evidence relative to Hearsay testimony[?]

5. Whether the trial court committed an error of law when it ignored the [D]ecision and [O]pinion of the Superior Court in a prior appeal in this matter, remanding this matter to the trial court following the trial court's dismissal of [Sons'] Amended Complaint based upon Preliminary Objections…[?]

Brief for Appellants at 5-7 (questions re-ordered, footnote added).

In their first two claims, Sons allege that the trial court erred by failing to find that the Property was gifted to Sons and Daughter in either 2004 or 2012. *See id.* at 23-36. Sons assert that the gift "was intended and made in 2004. It was not intended as a gift in the future." *Id.* at 27. Sons cite Parents' complete relinquishment of income earned from the Property, as well as Parents' transfer of control over Property maintenance and expenses, to Sons and Daughter. *Id.* at 26. Sons emphasize that from January 3, 2004, through May 28, 2013, the parties, other Property owners, and account managers for the Property operated on the basis that the Property was gifted to Sons and Daughter in January 2004. *Id.* Sons also stress that the family's

---

[3] 42 Pa.C.S.A. § 5930.

accountant, Kania, prepared U.S. Gift Tax Returns, dated January 3, 2004, reflecting the passing of the Property to Sons and Daughter, in accordance with Parents' explicit instructions.  *Id.* at 27.  Sons also allege that the evidence demonstrating delivery of the 2012 deed is unrefuted.  *Id.* at 24.

> The burden of proof in an action to quiet title is on the plaintiff.  In such an action, the plaintiff can recover only on the strength of his or her own title and not upon the weakness of the defendant's title.  Where, as here, the trial court has determined that the plaintiffs failed to meet their burden of proving title, that determination will not be reversed in the absence of an error of law or a capricious disregard of evidence.

*Montrenes v. Montrenes*, 513 A.2d 983, 984-85 (Pa. Super. 1986) (citations, quotation marks, and footnotes omitted).

"A valid *inter vivos* gift of real estate has two components: (1) a donative intent upon the part of the grantor[,] and (2) a delivery of the deed to the grantee, either actual or constructive, which divested the donor of all dominion over the property and invested the donee therewith."  *In re Padezanin*, 937 A.2d 475, 480 (Pa. Super. 2007) (citations, brackets, and quotation marks omitted).

> Donative intent can be inferred from the relationship between the donor and donee. Our Supreme Court [has provided that,] "[a]s between parties so related [*i.e.*, parent to children], if it appears that there was a voluntary delivery without explanatory words and a retention by the transferee, it can be assumed that there was an intention to give.

*Estate of Korn*, 480 A.2d 1233, 1237 (Pa. Super. 1984) (citation omitted).

> Whether there has been a delivery of a deed is a question of fact to be determined from the evidence by the trial court. Whether there has been a delivery in fact depends upon the

intention of the grantor as shown by his words and actions and by the circumstances surrounding the transaction. To effect a delivery, it is not essential that the grantor give the deed directly to the grantee.

*Abraham v. Mihalich*, 479 A.2d 601, 602 (Pa. Super. 1984) (citations omitted). A "failure to record [documents demonstrating a conveyance] is not dipositive of whether [the documents] effectuated a valid conveyance." *In re Estate of Plance*, 175 A.3d 249, 266 (Pa. 2017).

In the instant case, the trial court found that a deed was prepared in 2012. *See* Trial Court Opinion, 10/18/18, at 2-4 (unpaginated). However, the trial court improperly focused on the deed's flawed execution, instead of first determining ownership based on (1) whether Parents had the requisite donative intent to gift the Property to Sons and Daughter, and (2) whether Parents delivered a deed to the Property to Sons and Daughter. *See id.*; *see also In re Padezanin*, *supra*.

Our review of the record reveals uncontradicted testimony demonstrating that Parents had the requisite donative intent to gift the Property to Sons and Daughter in 2004, and maintained such donative intent through 2012, when they mailed a deed for the Property to Sons. Specifically, Maxine Stanley testified that neither she, nor Jack D. Stanley (deceased), had an interest in the Property after 2004, because the interest had been gifted to Sons and Daughter. N.T., 8/1/18, at 25-26. Maxine Stanley further testified that neither she, nor Jack D. Stanley, made any Property-related expenses after gifting the Property in 2004. *Id.* at 26, 28. Additionally, Maxine Stanley

testified that she, along with Jack D. Stanley, signed a deed to the Property in 2012 and mailed it to Sons, with the intention of confirming the 2004 gift. *Id.*

A grantor's admission that a deed was signed, in conjunction with delivery of the deed, is sufficient to establish an *inter vivos* gift of real estate. *Mihalich*, 479 A.2d 601, at 603. In light of Maxine Stanley's uncontroverted testimony that the Property was intended to be gifted, and that a deed to the Property was executed and mailed to Sons, we conclude that Sons sufficiently established the elements of an *inter vivos* gift of the Property. Therefore, we conclude that the trial court erred in entering a verdict against Sons.

Sons' remaining claims having been disposed of through our resolution of Property ownership, we reverse the Order of the trial court and remand for a trial as to the extent of recompense for Sons' claims for unjust enrichment and conversion.

Order reversed. Case remanded for further proceedings. Superior Court jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/10/2019

- 8 -