**Edward NICHOLS, Plaintiff,**

v.

**Peter L. COSTA, Esquire, Goldman, Costa, Getman & Biryla, Defendants.**

**Civ. A. No. 91–649.**

United States District Court, W.D. Pennsylvania.

July 17, 1992.

**166**

Matthew D'Emilio, Pittsburgh, Pa., for plaintiff.

Dennis J. Roman, Pittsburgh, Pa., for defendants.

## MEMORANDUM OPINION

LEWIS, District Judge.

Plaintiff Edward Nichols filed a three-count complaint against defendants while acting *pro se*. Since that time, plaintiff has retained counsel and has withdrawn two of the three theories upon which he claimed the defendants were liable. Remaining in the case is one count of fraud, alleged only against defendant Peter L. Costa, an attorney in New York.

In brief, plaintiff alleges that defendant Costa engaged in fraud by assisting two persons in a related lawsuit also pending before this court ("Civil Action No. 91–344"). In Civil Action No. 91–344, plaintiff sued, *inter alia*, two residents of New York (Angeline and William Fuller) who, according to the record, are representing themselves in defending that case. Plaintiff alleges that defendant Costa assisted the Fullers in that defense. He asserts that defendant Costa thus engaged in fraud, because the Fullers are shown on the record as appearing *pro se* despite having received assistance from an attorney.

Defendant has filed a motion to dismiss or, in the alternative, for summary judgment, asserting lack of personal jurisdiction and failure to state a claim upon which relief can be granted. This court will address the jurisdictional issue before considering whether plaintiff has stated a claim. 5A Wright & Miller, *Federal Practice and Procedure* § 1351 at 244 (2d ed. 1990); *Season–All Industries, Inc. v. Turkiye Sise Ve Cam Fabrikalari, A.S.*, 425 F.2d 34, 38 n. 7 (3d Cir.1970).

In so doing, the court notes that defendant has filed an affidavit in support of his motion. Plaintiff has similarly referred the court to matters outside the pleadings. The court has considered the affidavits and other material referenced in connection with the personal jurisdiction issue. *Patterson v. Federal Bureau of Investigation*, 893 F.2d 595, 603–04 (3d Cir.1990), *quoting Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61 (3d Cir. 1984) (a motion to dismiss for lack of personal jurisdiction necessarily involves consideration of matters outside the pleadings). It has not, however, considered anything outside the pleadings in making its decision with regard to defendant's allegation that plaintiff has failed to state a claim upon which relief can be granted. *See* Fed.R.Civ.P. 12(b).

### I. *Motion to Dismiss Based Upon Lack of Personal Jurisdiction*

■ Defendant Costa initially asserts that this court cannot exercise personal jurisdiction over him. Fed.R.Civ.P. 12(b)(2). The court agrees.

■ Once a defendant raises the issue of personal jurisdiction, the plaintiff bears the burden of proving, by a preponderance of the evidence, facts sufficient to establish personal jurisdiction. *Carteret Savings Bank, FA v. Shushan*, 954 F.2d 141, 146 (3d Cir.1992), *citing Time Share Vacation v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 65 (3d Cir.1985).

In this case, plaintiff alleges that defendant Costa caused him harm by providing legal advice to the Fullers in Civil Action

No. 91–344. Plaintiff asserts that Costa's actions made his case at Civil Action No. 91–344 more complicated and costly. (*See* Section II, *infra.*)

The record at Civil Action No. 91–344 indicates that defendant Costa notarized two affidavits and provided legal advice to the Fullers in that case. It is undisputed that all of these actions took place in the State of New York. Defendant Costa has submitted a sworn affidavit indicating that he has neither practiced nor applied to practice law in Pennsylvania, and that he did not represent the Fullers or solicit their business with respect to Civil Action No. 91–344. Defendants' brief at 5–6; affidavit of Peter L. Costa at ¶¶ 4–6, 8–10. Defendant Costa did, however, provide information on basic procedural matters and type and notarize the two affidavits in question. Affidavit of Peter L. Costa at ¶ 11. Plaintiff has submitted no evidence of any other contact with Pennsylvania.

 Pennsylvania courts may exercise personal jurisdiction over non-resident defendants to the limits of the due process clause of the Fourteenth Amendment. 42 Pa.C.S.A. § 5322(b); *North Penn Gas Co. v. Corning Natural Gas Corp.*, 897 F.2d 687, 689–90 (3d Cir.) (*per curiam*), *cert. denied*, —— U.S. ——, 111 S.Ct. 133, 112 L.Ed.2d 101 (1990). Generally, personal jurisdiction over a non-resident defendant may be exercised in two situations. First, a court may assert "general jurisdiction" over a defendant when the claim does not arise out of or is unrelated to the defendant's contacts with the forum state. *Dollar Savings Bank v. First Security Bank of Utah*, 746 F.2d 208, 211 (3d Cir.1984). Alternatively, "specific jurisdiction" is invoked when the claim is related to or arises out of the defendant's contacts with the forum. *Id.*

 General jurisdiction is inappropriate when there are no ongoing and continuous forum contacts. *Id.* at 212. In this case, for example, plaintiff's claim arises from two documents notarized on the same date and from one alleged instance of attorney Costa providing advice. Thus, the test for specific jurisdiction is appropriate.

When the plaintiff's claim arises out of a "single transaction in a forum where the defendant has no continuing presence ... the focus must be on minimum contacts." *Id.*, citing *Paolino v. Channel Home Centers*, 668 F.2d 721 (3d Cir.1981).

 Essentially, non-resident defendants may be sued if they have "minimum contacts" with the forum state. *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). In each case, there must be "some act by which the defendant purposely avails itself of the privilege of conducting business within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958). The key inquiry is "whether the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being hauled into court there." *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980).

Particularly applicable in this case is the Supreme Court's decision in *Calder v. Jones*, 465 U.S. 783, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984). In *Calder*, the Supreme Court ruled that a court may exercise personal jurisdiction over a non-resident defendant who acts outside the forum state to cause an effect upon the plaintiff within the forum state. *Carteret*, at 147–48, *citing Calder*, 465 U.S. at 789–90, 104 S.Ct. at 1486–88.

In *Calder*, the defendants, who were residents of Florida, were sued in California for writing and publishing an article which harmed the plaintiff, who lived in California. Defendants were a reporter and an editor who worked for a national magazine whose largest distribution was in California. Therefore, the court found that the defendants should reasonably have known that the article in question could cause the plaintiff harm in California. Because defendants were the "primary participants in an alleged wrongdoing intentionally directed at a California resident," the California Superior Court had personal jurisdiction over them. *Calder*, 465 U.S. at 790, 104

S.Ct. at 1487–88. *See also Quill Corp. v. North Dakota,* —— U.S. ——, 112 S.Ct. 1904, 119 L.Ed.2d 91 (1992).

This case is distinguishable from *Calder* because in this case defendant Costa simply notarized papers for the Fullers. He was not the author of the papers; he simply attested that the Fullers had come before him and sworn to the contents of the affidavits. He did not file or arrange for anything to be filed in court in Pennsylvania at Civil Action No. 91–344, although he did provide the Fullers with some basic procedural information so that they could represent themselves.

Further, defendant Costa did not avail himself of the privilege of conducting business within Pennsylvania, thus invoking the benefits and protection of Pennsylvania laws. *Mellon Bank (East) PSFS, Nat'l Assoc. v. Farino,* 960 F.2d 1217 (3d Cir. 1992).

In summary, defendant Costa's contacts with Pennsylvania do not suffice for this court to exercise general or specific personal jurisdiction over him. Defendant Costa's motion to dismiss for lack of personal jurisdiction will be granted.

## II. *Motion to Dismiss for Failure to State a Fraud Claim*

█ In addition to the lack of personal jurisdiction, the court has serious doubts about whether plaintiff has stated a claim upon which relief can be granted for fraud. In particular, plaintiff has failed as a matter of law to allege that defendant Costa made a misrepresentation so as to make out a fraud claim.

█ The parties agree that in order to state a fraud claim under Pennsylvania law, plaintiff must allege, *inter alia,* a false representation of existing fact. *Complaint of Bankers Trust Co.,* 752 F.2d 874, 882–83 n. 10 (3d Cir.1984) (reciting all elements of such a claim). As noted above, plaintiff seeks to hold defendant Costa liable for allegedly providing legal advice to the Fullers with regard to Civil Action No. 91–344. Specifically, in his fraud claim, he alleges that defendant Costa "practiced deceit and deception, when he notarized two affidavits, ... thereby attesting to the sworn statements that affiants were 'Appearing Pro Se,' when in fact [he] knew that he was the attorney of said affiants and that [he] had in fact prepared said affidavits." Complaint, ¶ 26.

It is apparent, therefore, that plaintiff is relying upon defendant Costa's notarizing the two affidavits as constituting a misrepresentation that the affiants were appearing *pro se* in that other lawsuit. As a result of this alleged misrepresentation, plaintiff claims that his "rights were violated" and that the other lawsuit became "more complicated," causing him additional expenses and "emotional pain and suffering." Complaint, ¶ 27.

█ By so arguing, plaintiff misperceives the role of a notary public. Essentially, plaintiff is claiming that, by affixing their seal and signature to affidavits, notary publics represent that the facts contained within those affidavits are true. That is not the case. Rather, by notarizing an affidavit, a notary public is simply representing that the affiant appeared before him or her and swore that the facts contained therein were true. *In re Bokey's Estate,* 412 Pa. 244, 194 A.2d 194, 198 (1963).

Plaintiff contends that defendant Costa generally "made a misrepresentation to the court and the [p]laintiff when he prepared the pleadings [in the other lawsuit] and caused them to be filed under the guise of the *pro se* defendants." Plaintiff's brief at 3. In this regard, it seems as if plaintiff's fraud claim is directed at the wrong party, at best. Plaintiff has pointed to nothing aside from defendant Costa's signature and seal on the affidavits which could constitute either a misrepresentation or an act of concealment on defendant Costa's part. *See Allstate Insurance Co. v. A.M. Pugh Associates, Inc.,* 604 F.Supp. 85, 97 (M.D.Pa.1984). He has failed to state a claim of fraud.

An appropriate order will follow.