In re Dean A. MESSINGER and Cynthia Messinger, Debtors.

William G. Schwab, Esquire, Chapter 7 Trustee, Plaintiff,

v.

Home Loan and Investment Bank, FSB, Defendant.

In re Maurice Santos and Jean Santos, Debtors.

William G. Schwab, Esquire Chapter 7 Trustee, Plaintiff,

v.

Dauphin Deposit Bank and Trust Company, and Allfirst, Bank, Defendants.

In re George J. Durinko, Debtor.

William G. Schwab, Esquire, Chapter 7 Trustee, Plaintiff,

v.

Beneficial Consumer Discount Co. d/b/a Beneficial Mortgage Co. of Pennsylvania, Defendant.

Bankruptcy Nos. 5–01–02895, 5–01–03215, 5–01–02895.

Adversary Nos. 5–01–00171A, 5–01–00265A, 5–01–00257A.

United States Bankruptcy Court, M.D. Pennsylvania, Wilkes–Barre Division.

May 8, 2002.

William G. Schwab, Lehighton, PA, trustee in bankruptcy.

William J. Levant, Kaplin, Stewart, Meloff, Reiter & Stein, P.C., Blue Bell, PA, for defendant Home Loan and Investment Bank, FSB.

Michael D. Muffley, Jim Thorpe, PA, for debtors Dean A. Messinger and Cynthia Messinger.

Scott A. Dietterick, James, Smith, Durkin & Connelly, LLP, Hershey, PA, for defendant Dauphin Deposit Bank and Trust Co.

James R. Kilker, Pottsville, PA, for debtors Maurice Santos and Jean Santos.

Joseph F. Riga, Whittlesey, McDowell & Riga, Maple Shade, NJ, for defendant Beneficial Consumer Discount Co.

David S. Gellert, Reading, PA, for debtor George J. Durinko.

## OPINION[1]

JOHN J. THOMAS, Bankruptcy Judge.

The above-captioned cases, although unrelated, present the same legal issue: whether personal appearance before a notary is necessary for a valid acknowledgment on a mortgage.[2] An individual discussion of the factual background and procedural history of each case is warranted for an understanding of this decision.

### IN RE: MESSINGER, Dean and Cynthia

*Factual Background*

The Debtors have an ownership interest in real estate located at 237 Avenue A, Palmerton, Carbon County, Pennsylvania. On May 13, 1999, they obtained a loan from Home Loan and Investment Bank (hereinafter "the Bank"), and secured that loan by a mortgage on their real estate at 237 Avenue A. The mortgage was executed by the Debtors on May 13, 1999, and re-

---

1. Drafted with the assistance of Keith Hunter, Law Clerk.

2. Although an additional issue has been raised by the Trustee in two of these cases (**MESSINGER and SANTOS**), related to whether a recorded mortgage copy must bear evidence of a notary's embossment on the original document to be validly recorded, this issue has been resolved against the Trustee in a separate Opinion of this date in the matter of **In Re: REIMILLER, Adv. 5–01–00087A, In Re: PASKER, Adv. 5–01–00106A, In Re: GALBRAITH, Adv. 5–01–00085A, In Re: MEHALSHICK, Adv. 5–01–00143A,** and **In Re: MEROLA, Adv. 5–01–00160A,** and the Court does not readdress that issue in these cases.

corded by the Carbon County Recorder of Deeds in Mortgage Book Number 827, Page 805, on June 4, 1999.

*Procedural History*

This adversary proceeding was commenced by the Trustee's Complaint to Avoid the [Defendant's] Mortgage Pursuant to 11 U.S.C. § 544(a). The Trustee seeks to avoid the mortgage, alleging substantive deficiencies in the acknowledgment (1) because the recorded copy of the mortgage does not reflect the presence of the notary's embosser on the original document, and (2) the Debtors failed to appear before the Notary for the acknowledgment. Both the Trustee and the Bank filed Motions For Summary Judgment, both parties have filed briefs, and the Motions are ready for determination.

### IN RE: SANTOS, Maurice and Jean

*Factual Background*

The Debtors have an ownership interest in real estate located at 1713 Running Deer Drive, Auburn, Schuylkill County, Pennsylvania. On July 27, 1998, they obtained a loan from Dauphin Deposit Bank and Trust Company and secured that loan by a mortgage on their real estate at 1713 Running Deer Drive. The mortgage was executed by the Debtors on July 27, 1998, and recorded by the Schuylkill County Recorder of Deeds in Mortgage Book Number 385, Page 229, on August 3, 1998. Subsequently, the Mortgage was assigned to Allfirst Bank.

*Procedural History*

On October 18, 2001, the case Trustee filed a Complaint to Avoid the [Defendant's] Mortgage Pursuant to 11 U.S.C. § 544(a). The Trustee seeks to avoid the mortgage, alleging substantive deficiencies in the acknowledgment (1) because the recorded copy of the mortgage does not reflect the presence of a notary's embosser on the original document, and (2) the

Debtors failed to appear before the Notary for the acknowledgment. Both the Trustee and Allfirst Bank filed Motions for Summary Judgment, both parties have filed briefs, and the Motions are ready for determination.

### IN RE: DURINKO, George

*Factual Background*

The Debtor has an ownership interest in real estate located at 105 North Second Street, Girardville, Schuylkill County, Pennsylvania. On October 25, 1996, he obtained a loan from Beneficial Consumer Discount Company d/b/a Beneficial Mortgage Co. of Pennsylvania (hereinafter "Beneficial"), and secured that loan by a mortgage on his real estate at 105 North Second Street. The mortgage was executed by the Debtor on October 25, 1996, and recorded by the Schuylkill County Recorder of Deeds in Mortgage Book Number 60E, Page 221, on October 29, 1996.

*Procedural History*

This adversary proceeding was commenced by the Trustee's Complaint to Avoid the [Defendant's] Mortgage Pursuant to 11 U.S.C. § 544(a). The Trustee seeks to avoid the mortgage, alleging a substantive deficiency in that document because the Debtors failed to appear before the Notary for the acknowledgment. Both the Trustee and Beneficial filed Motions For Summary Judgment, both parties have filed briefs, and the Motions are ready for determination.

*Opinion*

Under Federal Rule of Civil Procedure 56(c), applicable to these proceedings through Bankruptcy Rule 7056, summary judgment may be entered only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to

judgment as a matter of law." FED. R.CIV.P. 56(c). The party moving for summary judgment has the burden of proving that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Additionally, on summary judgment the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Mraz v. County of Lehigh,* 862 F.Supp. 1344 (E.D.Pa.1994). With regard to "materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Furthermore, there must be a "genuine" issue of the material fact, "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248, 106 S.Ct. at 2510. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249–250, 106 S.Ct. at 2511 (citations omitted).

■ In these cases, all of the Debtors have purchased real estate. When the Debtors purchased their real estate, each of them borrowed money for the purchase and secured those loans with mortgages. Each of the mortgages appears to have been executed by the respective Debtors, each has an acknowledgment which ap-

pears to be complete and regular on its face, each acknowledgment has been certified in Pennsylvania by a notary public, and each mortgage has been recorded in the recorder of deeds office in the counties in which the properties lie. The Trustee contends that the certificate of acknowledgment on the mortgages falsely states that the Debtors personally appeared before the notary to acknowledge their signatures. If personal appearance of the parties is required for proper acknowledgment, the Trustee argues that the mortgages were never properly recorded, and they may be avoided by the Trustee as a hypothetical lien creditor under § 544 of the Bankruptcy Code (11 U.S.C. § 544)[3].

■■ "[T]he Supreme Court has held that the property interests of mortgagor and mortgagee are created and defined by state law. *Butner v. United States,* 440 U.S. 48, 55, 99 S.Ct. 914, 918, 59 L.Ed.2d 136, 140 (1979)." *Commerce Bank v. Mountain View Village, Inc.,* 5 F.3d 34, 36 (3d Cir.1993). Bankruptcy courts must take the necessary steps to "ensure that the mortgagee is afforded in federal bankruptcy court the same protection he would have under state law if no bankruptcy ensued." *Id.* at 37.

■ To perfect a security interest under Pennsylvania law, the mortgagee must record the mortgage with the Recorder of Deeds in the county in which the real estate is located. 21 P.S. § 621. The purpose of recording the mortgage is to provide notice to the whole world of the person or entity who encumbers the title.

---

**3.** 11 U.S.C. § 544(a)(3) reads as follows:

(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by . . .

(3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

*Ladner,* § 18.02, *citing Salter v. Reed,* 15 Pa. 260, 263 (1850). An acknowledgment is an essential prerequisite for *recording* a mortgage, but is not necessary for the *validity* of the instrument.[4] *Abraham v. Mihalich,* 330 Pa.Super. 378, 381, 479 A.2d 601, 604 (1984); 21 P.S. § 42. An acknowledgment is a formal declaration or admission before an authorized public officer, by a person who has executed an instrument, that such instrument is his or her act and deed. *Abraham v. Mihalich,* 330 Pa.Super. at 381, 479 A.2d at 604.

▋ Pennsylvania acknowledgments are governed by the *Uniform Acknowledgment Act,* 21 P.S. § 291.1, *et seq.,* adopted in the Commonwealth in 1941. Under the Act, acknowledgment is made before an authorized officer, who must certify the acknowledgment; a certificate of acknowledgment is completed with the signature and title of the officer; and notaries must state the dates their commissions expire. 21 P.S. § 291.8.[5] A Pennsylvania notary is also required to keep an official seal, which shall be used to authenticate all acts of the notary. 57 P.S. § 158.[6] In Pennsylvania, acknowledgment of any instrument may be made before a notary public. 21 P.S.

§ 291.2. By notarizing an affidavit, the notary is not representing that the facts contained within the affidavits are true; the notary is simply representing that the affiant appeared and swore that the facts contained therein were true. *Nichols v. Costa,* 794 F.Supp. 165 (W.D.Pa.1992). The officer taking the acknowledgment shall know or have satisfactory evidence that the person making the acknowledgment is the person described in and who executed the instrument. 21 P.S. § 291.5. Where a notary certifies a document, the notary attests that the document has been executed, that the notary is confronted by the signer, that the signer is the person whose name is subscribed, and that the signer is verifying the act of execution. *Cmwlth. v. Frey,* 258 Pa.Super. 288, 392 A.2d 798 (1978).

▋ At the first meeting of creditors in each of these cases, the Trustee elicited testimony from the Debtors that the notaries executing the certificates of acknowledgment were not present when the Debtors signed their mortgages. The Trustee argues that these facts invalidate the acknowledgments, and upset the recording. The main theme that arises

---

4. The genesis and development of acknowledgments is set forth in the companion cases decided this date under **In Re: REIMILLER, Adv. 5–01–00087A, et al.**

5. 21 P.S. § 291.8 reads as follows:

The certificate of the acknowledging officer shall be completed by his signature, his official seal, if he has one, the title of his office, and, if he is a notary public, the date his commission expires.

6. 57 P.S. § 158(a) reads as follows:

(a) A notary public shall provide and keep an official seal which shall be used to authenticate all the acts, instruments and attestations of the notary. The seal shall be a rubber stamp and shall show clearly in the following order: the words "Notarial Seal"; the name

and surname of the notary and the words "Notary Public"; the name of the political subdivision and county in which the notary maintains an office; and the date the notary's commission expires.

(b) the seal shall have a maximum height of one (1) inch and width of three and one-half (3½) inches, with a plain border. It shall be stamped in a prominent place on the official notarial act near the notary's signature in such a manner as to be capable of photographic reproduction.

(c) In addition to the official seal required in subsection (a), a notary public shall also use and keep an embosser upon which shall be engraved the words "Notary Public, Commonwealth of Pennsylvania," and the name and surname of the notary. All documents executed shall bear a legibly embossed impression.

through a review of acknowledgment history is the fact that the notary is certifying that the person whose signature appears on the mortgage is actually the person that signed the document. One of the most important functions of the notary in this capacity is verification that the individual to be bound has verified the document to be the intentional voluntary act or deed of the party. *Abraham v. Mihalich*, 330 Pa.Super. 378, 479 A.2d 601 (1984). Even though there are limited circumstances in which the notary would be authorized to certify the acknowledgment *in absentia*, we have no indication that the limited circumstances were present here. 21 P.S. § 291.7.[7] After a review of the statutory language that acknowledgment may be made "before" a notary public, (21 P.S. § 291.2), as well as a review of the Pennsylvania case law and the history of acknowledgments, this Court finds that presence of the parties is required, with limited exception, for a proper certificate of acknowledgment in Pennsylvania.

■ However, the foregoing analysis does not resolve the cases at hand. When a deed[8] has been signed and delivered, it is valid and binding between the parties. The acknowledgment and certificate thereof are not part of the document. The acknowledgment does not relate to the validity of the deed in any way, and only establishes recording eligibility. *Abraham v. Mihalich*, 330 Pa.Super. 378, 479 A.2d 601 (1984); 21 P.S. § 42.

Even if we assume that the notary never personally saw the Debtors, this is a latent defect, not appearing on the face of the mortgage. The recorder would have no way of knowing of the error and would have no reason to reject the document. The entire purpose of acknowledgment is verification of the executing party's identity and intention. The notary accepts a serious responsibility in this role of verification, to prevent illegitimate documents affecting interests in real estate from being recorded. But where that duty is abrogated, the law allows a complaining party to challenge a recorded document only in specific circumstances.

■ A recorded notary's certificate is "prima facie evidence" of the due execution of a mortgage, but it is not conclusive in the case of fraud or forgery. *Williamson v. Barrett, et al.*, 147 Pa.Super. 460, 465, 24 A.2d 546, 548 (Pa.Super.1942). The official certificate of the notary, in regular form, is (in the absence of fraud or forgery) conclusive in favor of those who in good faith rely upon it. "Any other rule would work incalculable mischief. It would open wide the door to fraud and perjury, and make recorded acknowledgments a snare to a person dealing with land on the faith and credit of the public records." *Popovitch v. Kasperlik*, 70 F.Supp. 376, 384 (W.D.Pa.1947). Allowing a challenge where there is an allegation of fraud or forgery would restore the protections that may have been lost by an improper fulfillment of notarial duties.

7. Under the statute, the officer taking the acknowledgment must attach a certificate in one of several prescribed forms. Form 3 permits acknowledgment by an attorney in fact, on behalf of the principal, and Form 5 permits the acknowledgment by an attorney at law, both of which are outside the presence of the parties whose signatures are being acknowledged.

8. In American common law, a "deed" is any writing affecting real estate which is sealed and delivered Ladner, § 9.01. Although it is common error to assume that "deed" refers only to a document conveying title in real estate (correctly a "deed of conveyance"), the term encompasses bonds, leases, mortgages, etc. *Unless otherwise indicated, this opinion will use the term in its traditional, more expansive sense, to include but not be limited to mortgages.*

Where the grantors concede that they have signed the deed, and the deed had been delivered, "even a defective acknowledgment would not be a basis for invalidating the recordation." *Abraham v. Mihalich,* 330 Pa.Super. at 382, 479 A.2d at 603.

Such a challenge, on grounds of fraud or forgery, should relate to the underlying document or transaction, rather than the acknowledgment. Although the Trustee cites the case of *Phelan v. Fleet Consumer Discount Co. (In re Rice),* 133 B.R. 722 (Bkrtcy.E.D.Pa.1991), that case involved parties that were misled on the nature of the document they were signing. The signed document gave a security interest in property the debtors never agreed to encumber. That court set aside the transaction and restored the status of the real estate to the parties' expectations.

The opinion in these cases is limited to the facts, which present no allegation of fraud or forgery warranting interference with the presumptive validity of acknowledged and recorded mortgages, facially complete and regular.

Without a showing of fraud or forgery, the Court finds that the mortgages may not be avoided under the Trustee's strong-arm powers pursuant to 11 U.S.C.A. § 544. The Trustee's Motions for Summary Judgment are denied, and the Defendants' Motions for Summary Judgment are granted.

Separate Orders will follow.

### ORDER

For those reasons indicated in the Opinion filed this date, **IT IS HEREBY**

**ORDERED** that the Plaintiff's Cross-Motion for Summary Judgment is denied, the Defendant's Motion For Summary Judgment is granted, and Judgment is entered in favor of the Defendant and against the Plaintiff.

### ORDER

For those reasons indicated in the Opinion filed this date, **IT IS HEREBY**

**ORDERED** that the Plaintiff's Motion for Summary Judgment is denied, the Defendant's Cross–Motion For Summary Judgment is granted, and Judgment is entered in favor of the Defendant and against the Plaintiff.

### ORDER

For those reasons indicated in the Opinion filed this date, **IT IS HEREBY**

**ORDERED** that the Plaintiff's Motion for Summary Judgment is denied, the Defendant's Cross–Motion For Summary Judgment is granted, and Judgment is entered in favor of the Defendant and against the Plaintiff.