

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-16-2003

# Schwab v. GMAC Mtg Corp

Precedential or Non-Precedential: Precedential

Docket No. 02-3989

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Schwab v. GMAC Mtg Corp" (2003). *2003 Decisions.* Paper 416.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/416

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

Filed June 16, 2003

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-3989

WILLIAM G. SCHWAB

v.

GMAC MORTGAGE CORP

William G. Schwab, Esquire, in his
capacity as Chapter 7 Trustee,
                        Appellant

APPEAL FROM THE
UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(D.C. Civ. No. 02-cv-01182 )
District Judge: Honorable A. Richard Caputo

Submitted Under Third Circuit L.A.R. 34.1(a)
April 23, 2003

Before: SCIRICA, *Chief Judge*, AMBRO and WEIS,
*Circuit Judges*.

(Opinion filed: June 16, 2003)

William G. Schwab, Esquire
In his Capacity as Chapter 7
 Trustee/Appellant
Michelle Wolfe, Esquire
811 Blakeslee Boulevard, Drive East
Post Office Box 56
Lehighton, Pennsylvania 18235

*Attorneys for Trustee/Appellant*

William J. Levant, Esquire
Kaplin Stewart Meloff Reiter
 & Stein, P.C.
350 Sentry Parkway, Building 640
Post Office Box 3037
Blue Bell, Pennsylvania 19422

*Attorneys for Appellee,*
*GMAC Mortgage Corporation*

## OPINION OF THE COURT

WEIS, *Circuit Judge.*

In this bankruptcy case, we hold that the lien of a mortgage was not affected by the fact that the notary public's embossed seal was not visible in the acknowledgment on the document filed in the County Recorder of Deeds Office. Accordingly, we will affirm the summary judgment in favor of the mortgagee.

In February 2001, debtor Thomas Galbraith filed a voluntary petition under Chapter 7 of the Bankruptcy Code and William G. Schwab was appointed Trustee. In April 2001, GMAC Mortgage Corporation, a secured creditor, asserted that it was the holder of a mortgage on the debtor's premises, and moved for relief from the automatic stay in order to foreclose on the premises. The Trustee filed an adversary action to avoid the mortgage owned by GMAC because the copy in the Recorder of Deeds Office of Carbon County, Pennsylvania, did not contain the embossment of the notary public who had acknowledged the execution of the original document.

It appeared that the original mortgage had been lost, and the copy on record in Carbon County Recorder of Deeds Office had been made by a photographic process that did not reveal whether the notary public's embossment had been applied to the original document. The Trustee argues that the mortgage on record was thus invalid and did not give cognizable notice to creditors of the existence of the lien.

The bankruptcy judge and the district court on appeal concluded that, under Pennsylvania law, the embossment need not have been capable of photographic reproduction, and that the mortgage was validly recorded. As a result, summary judgment was entered in favor of the mortgagee GMAC. We exercise plenary review. *Landon v. Hunt*, 977 F.2d 829, 830 (3d Cir. 1992).

The validity of the lien in this case is governed by Pennsylvania law. *In re Ashe*, 712 F.2d 864, 872 (3d Cir. 1983). As the Pennsylvania Supreme Court has said, "[t]he great object to be obtained, by recording . . . an instrument affecting the title to real estate, is to give notice of the incumbrance." *Prouty v. Marshall*, 74 A. 550, 551 (Pa. 1901). The requirements for recording mortgages and other instruments are set out in statutory form at 21 P.S. § 621. This section provides that, to be valid, a mortgage must be "acknowledged or proved and recorded." Generally, the acknowledgment of the mortgage is performed by a notary public.

The statute governing the certificate of an acknowledging officer requires that it include his signature, official seal, title of his office and, if a notary public, the date the commission expires. Significantly, the statute also states that "[t]he existence or absence of an embossed impression on documents left for recording . . . may be disregarded by the Recorder." 21 P.S. § 291.8.

The Trustee found some inconsistency between that provision of the statute and 57 P.S. § 158. That section requires a notary public to have an official seal in the form of a rubber stamp which includes, *inter alia*, the words "notarial seal," "notary public," the name of the notary, and the date when the commission expires. The seal is to be

placed near the notary's signature on the document and "in such a manner as to be capable of photographic reproduction."

At the time the mortgage in this case was recorded, section 158 also required that "in addition to the official seal" the notary public should use "an embosser upon which shall be engraved the words 'notary public, Commonwealth of Pennsylvania,' and the name and surname of the notary." The statute further provides that "[a]ll documents executed shall bear a legibly embossed impression." 57 P.S. § 158(c).[1]

Significantly, there is no requirement that the embossment be "capable of photographic reproduction." 57 P.S. § 158(d). The statute thus makes a sharp distinction between the seal, which must be visible on photographic recording processes, and the embossing, which need not have that attribute.

The recording statute, which permits the Recorder to disregard the absence of an embossed impression, is a practical resolution of the difficulty in copying mortgages and deeds where the duplicating equipment did not reproduce the embossed portion of the document. It is obvious that the legislature considered the recording of a deed or mortgage to be adequate notice to the public when the acknowledgment includes only the rubber stamp seal that is visible on the copy of the document.

We have reviewed the various opinions cited by the parties and conclude that they are not pertinent to the issue before us. *See Jefferson Bank v. Progressive Cas. Ins. Co.*, 965 F.2d 1274 (3d Cir. 1992); *In re: Distribution of Proceeds from Sheriff's Sale of Premises 250 Bell Road*, 388 A.2d 297 (Pa. 1978); *Commonwealth v. Roberts*, 141 A.2d 393 (Pa. 1958); *Lancaster v. Flowers*, 48 A. 896 (Pa. 1901).

---

1. Section (c) was deleted by Act 151 of 2002 (House Bill 851, P.N. 4679), section 6. The statute, therefore, no longer requires embossing by a notary public. The statute is effective July 1, 2003 and is not retroactive. It does not affect the case before us or the many documents recorded before the effective date.

5

Accordingly, we conclude that the GMAC mortgage was properly recorded and constituted an enforceable lien on the debtor's property. Finding no error in the judgment of the District Court, we will affirm.

A True Copy:
    Teste:

*Clerk of the United States Court of Appeals*
*for the Third Circuit*