# Williams v. Estate of Matto

C.P. of Lackawanna County, no. 08 CV 4015.

*Alan Brian Jones,* for plaintiffs.
*Robert A. Cecchini,* for defendants.

MINORA, *J.,* August 13, 2010—

## I. INTRODUCTION

This case was commenced by plaintiffs, Robert and Carmella Williams, filing a quiet title complaint on June 16, 2008. The plaintiffs are seeking to quiet title to the real property located at 116 Dimmick Street, Borough of Throop, Lackawanna County, 18512 (property). The defendant, the estate of Irene M. Matto, filed an answer and new matter on July 18, 2008. The Commonwealth of Pennsylvania through the attorney general's office, acting as parens patriae, filed an answer, new matter, and counterclaim on July 31, 2008. The Commonwealth's new matter/counterclaim contained 10 counts. These are: (1) failure to serve all parties; (2) undue influence; (3) fraud and duress; (4) breach of contract; (5) unjust enrichment; (6) laches; (7) deed may not be recorded due to the absence of two subscribing witnesses; (8) violation of the unfair trade practices and consumer protection law (UTPCPL); (9) bad faith; and (10) violation of the Eldercare Payment Restitution Act.

A non-jury trial was held before this court on May 6, 2010, to decide the issue of the ownership of the property. All parties have submitted proposed findings of fact and conclusions of law. We now consider the matter ripe for disposition. With that in mind, we submit the following.

## II. FINDINGS OF FACT:

The findings of facts in this case as determined by the court are supported by the credible, probative competent and relevant evidence established during the hearing and the submissions of the parties, and accepted as true by the court.

(1) The plaintiffs are Robert D. Williams and Carmella M. Williams, husband and wife, who both reside at 112 Dimmick Street, Throop, Lackawanna County, Pennsylvania 18512.

(2) Irene M. Matto (decedent) owned a parcel of improved property located at 116 Dimmick Street, Borough of Throop, County of Lackawanna, Pennsylvania 18512.

(3) The decedent passed away on March 19, 2008. plaintiffs' exhibit 6, Irene Matto's death certificate.

(4) The plaintiffs and the decedent were neighbors.

(5) Sometime during December of 2005 the decedent fell and broke her hip, due to this fall she was hospitalized and had to under go rehabilitation and was unable to live alone. N.T. pp. 26-27.

(6) After being released from the hospital the decedent moved into the home of the plaintiffs. N.T. p. 10.

(7) The plaintiffs took care of the decedent during the time she lived with them by helping her shower, preparing her meals (N.T. p. 12), running to the store for her, and helping her run errands. N.T. p. 60.

(8) When the decedent initially moved in with the plaintiffs she was paying them $500 a month for the services they were providing her. N.T. p. 27.

(9) At sometime after December and before June the decedent started paying the plaintiffs $1,000 a month. N.T. p. 28.

(10) On June 23, 2006 the plaintiffs and the decedent entered into an agreement, whereby the plaintiffs would care for the decedent for the rest of her life the decedent would pay the plaintiffs $1,000 a month and the decedent would transfer a one-half undivided interest in the property. Defense exhibit 1.

(11) This agreement was drafted by Attorney James T. Mulligan Jr. N.T. p. 76.

(12) Attorney James T. Mulligan Jr. represented the decedent, Irene M. Matto, and only the decedent during these transactions. N.T. pp. 63, 86.

(13) At the same time the agreement was drafted a deed transferring a one-half undivided interest in the property, to the plaintiffs was also drafted. Plaintiffs exhibit 1.

(14) In consideration of the deed the plaintiffs were to pay the decedent $100. Plaintiffs exhibit 1.

(15) The agreement and the deed were dependent on one another. The plaintiffs were to carry out the agree-

ment to completion and the defendant was to tender the deed. Plaintiffs exhibit 1, defendants exhibit 1, N.T. p. 90.

(16) The original deed was never delivered to plaintiffs by Attorney James T. Mulligan Jr. N.T. pp. 77, 87.

(17) The original deed was never recorded. N.T. p. 35.

(18) There is no record of the consideration of $100 ever being paid by the plaintiffs to the decedent. N.T. pp. 25-26, 43, 91.

(19) In November of 2006 the decedent was removed from the plaintiffs home by the area agency on aging. N.T. p. 108.

(20) The area agency on aging placed the decedent in Saint Mary's Villa sometime in November of 2006 and she stayed there up until her death in March of 2008. N.T. p. 109.

(21) After the decedent was removed from the plaintiffs home they were no longer paid $1,000 a month and they no longer cared for the decedent. N.T. pp. 29-30, 68, 109.

## Legal Issues:

The main legal issue in this case is who is the owner of the property. The plaintiffs claim ownership of the property through the unrecorded deed of June 23, 2006, transferring to them a one-half undivided interest in the property with rights of survivorship. The decedent's estate claims the deed is void because it was never delivered to the plaintiffs, the consideration was never paid,

and the agreement upon which the deed was contingent was breached and never completed. The Commonwealth has asserted several counterclaims, all of which are only become viable if the deed transferring the property to the plaintiffs is valid. The Commonwealth asserts the same defenses as the decedent's estate to invalidate the deed. Therefore, the court will therefore first determine if the deed was delivered to the plaintiffs.

*Legal Analysis:*

Delivery of the deed is necessary to render it legally operative. *Atiyeh v. Bear,* 456 Pa. Super. 548, 560, 690 A.2d 1245, 1251 (1997). "Whether there has been delivery [of a deed] depends on the intention of the grantor as shown by his words and action and by circumstances surrounding the transaction. Conditional delivery or a delivery in escrow of a deed is not a delivery to the grantee." *DiMaio v. Musso,* 762 A.2d 363, 365 (Pa. Super. 2000).

"Whether there has been a delivery of a deed is a question of fact to be determined from the evidence by the trial court." *Abraham v. Mihalich,* 330 Pa. Super. 378, 380, 479 A.2d 601, 602 (1984). (citations omitted) "To effect a delivery, it is not essential that the grantor give the deed directly to the grantee. Delivery is effected if the grantor relinquishes control and gives the deed to a third party either with specific instructions to deliver it to the grantee or if the attendant facts and circumstances indicate that the grantor intended that delivery be made by the third party to the grantee." *Id.* (citations omitted)

It is the conclusion of this court that delivery of the deed in question was never properly effected. It is un-

disputed that on June 23, 2006 the plaintiffs and the decedent went the offices of Attorney James Mulligan. On this date the parties signed an agreement for the plaintiffs to care for the decedent, and a deed pertaining to the property was signed. The plaintiff's claim that after the decedent and themselves signed the deed in question, that attorney Mulligan then handed Mrs. Williams the deed. N.T. pp. 34, 55. The plaintiffs further testified that after Mrs. Williams was handed the deed she gave it back to Attorney Mulligan, as the plaintiff's agent, to record the deed on their behalf. N.T. pp. 34, 55.

However, we find the testimony of Attorney Mulligan on this matter both more compelling and more credible. He stated that after he circulated the deed to be signed by the parties he then placed the deed in his file. N.T. p. 87. Attorney Mulligan stated he had misgivings about the entire transaction. N.T. p. 77. He further testified that after the documents were signed he placed them all in his file and told the plaintiffs and the decedent he would be in touch. N.T. p. 80. He stated he acted this way because he was unsure of the decedent's intentions at the time and wanted to speak with her outside of the presence of the plaintiffs. N.T. p. 80. Attorney Mulligan then testified that a few weeks after the signing he was able to get a hold of the decedent via telephone and she informed him to hold off on recording the deed. N.T. p. 83.

Attorney Mulligan also testified that he allowed the deed and services agreement to be signed while all parties were present at his office because he felt he could resolve his doubt about the transaction in private with his client at a later date. N.T. p. 85. Attorney Mulligan testified that he did not have the express authority of the

decedent to withhold from recording the deed at the time the parties signed the deed. N.T. p. 78. However, it is clear from the testimony of Attorney Mulligan that during the entire process of having the deed signed he did not intend to transfer/tender the original deed to the plaintiffs. Because Attorney Mulligan was acting as the decedent's agent at this time his actions are imputed upon the decedent, and therefore the decedent also did not intend to tender the deed at this time to the plaintiffs.

The Superior Court in the case *DiMaio v. Musso, supra* decided a deed was properly delivered when grantee left the deed with her attorney without giving the attorney instructions to withhold transfer of the deed until the time period agreed upon by the parties had expired. The Superior Court stated the grantors subjective belief is irrelevant when compared to her objective manifestations of assent to transfer the deed. 762 A.2d at 365.

In the present case the decedent made an objective manifestation by orally telling her attorney to hold off on recording the deed, thereby communicating to her attorney a desire to withhold delivering the deed to the plaintiffs. While this action occurred after the deed was signed it still sheds light on the intention of the parties.

What is more instructive is the language of the agreement which was signed on the same day as the deed. The agreement stated:

"*Whereas*, Robert D. Williams and Carmella M. Williams, his wife, have been caring for Irene Matto at their home at 112 Dimmick Street, Throop, Lackawanna County, Pennsylvania, *and the Williams intent [sic] to continue to care for Irene Matto for as long as she lives.* (emphasis added)

"*And now therefore,* in consideration for the following mutual promises, the panties [sic] hereto agree as follows:

"(1) Irene Matto will execute a deed to the property at 116 Dimmick Street, Throop, Lackawanna County, Pennsylvania, in which she will convey an undivided one-half interest to herself, Irene Matto, and the other undivided one-half interest to Robert D. Williams and Carmella M. Williams, his wife. The undivided one-half interests will be held as joint tenants with right of survivorship and not as tenants in common. Irene Matto will retain a life estate is [sic] said real estate at 116 Dimmick Street, Throop, Lackawanna County, Pennsylvania." Defendant's exhibit 1, agreement.

The agreement clearly states that in consideration of the plaintiffs taking care of the decedent for the rest of her life, the decedent would transfer a one-half undivided interest in the property. The deed in question was the deed which was to transfer the one-half undivided interests in the property. This language makes the deed and agreement conditional on each other, and illustrates that the decedent's intentions at the time of signing the deed was not to deliver the deed at the signing of the deed.

Further, due to the fact that the plaintiffs were never given a copy of the original deed, and the original deed was never recorded indicates delivery of the deed was never legally effected. Attorney Mulligan's testimony of his intentions at the time of the deed signing coupled with the prior described facts and circumstances all lead this court to the conclusion that the deed conveying a one-half undivided interest in the property to the plaintiffs

was intentionally never delivered to the plaintiffs during the life of the decedent.

*Conclusion:*

Therefore, it is the conclusion of this court that the undelivered and unrecorded deed conveying a one-half undivided interest in 116 Dimmick Street to the plaintiffs was and is invalid and void ab initio. Since the plaintiff's rely solely on the deed as the grounds for their quiet title action, said action must fail.

The Commonwealth's counterclaims are based upon the plaintiffs' being paid for services they did not render, specifically for receiving 116 Dimmick Street and not taking care of the decedent for the rest of her life. As this court has already deemed the deed purportedly transfer 116 Dimmick Street void, the Commonwealth's counterclaims are moot.

An appropriate non-jury verdict will follow.

NON-JURY VERDICT PER Pa.R.C.P. 1038

And now, August 13, 2010, the following non-jury verdict is rendered pursuant to Pa.R.C.P. 1038:

(1) The plaintiffs', Robert D. Williams and Carmella Williams, quiet title claim is dismissed and denied.

(2) The Commonwealth of Pennsylvania's counterclaims are deemed moot.